STATE OF WEST VIRGINIA *v.* JOHN H. HOULT, JR.

(No. 7506)

Submitted April 18, 1933.   Decided April 25, 1933.

*Powell & Clifford,* and *Curt E. Amos,* for plaintiff in error.
*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the State.

MAXWELL, PRESIDENT:

This writ of error presents for review the conviction of the defendant for the non-support of the child of an unmarried woman of which it is alleged that the defendant is the father.

The child was born to Mary Furner March 19, 1928.   Four years later, to-wit, March 17, 1932, upon complaint then made by her, a warrant was issued against the defendant charging him with the non-support of "his illegitimate child," it being in destitute and necessitous circumstances.   The defendant denied that he ever had sexual intercourse with the

complainant, but, both before the magistrate and upon appeal in the criminal court of Harrison County, the testimony of the complainant prevailed and the defendant was convicted. Penalties and requirements prescribed by statute were imposed by the court.

The sole question for determination is whether the proceeding is barred by statutory limitation.

The prosecution is based on Code 1931, 48-8-1. By the terms of said statute the neglect or refusal of a man to provide for the support and maintenance of his legitimate or illegitimate child under the age of sixteen years is made a misdemeanor. The state takes the position that under said section a prosecution for non-support of an illegitimate child may be instituted against a man charged with the paternity of the child at any time before it attains the age of sixteen years though the accused denies the paternity.

On the other hand, it is urged by the defendant that the paternity of an illegitimate child may not be judicially determined except in a legal proceeding instituted within three years after the birth of the child. To support this position, defendant says that the statute on which this proceeding is based should be read together with the bastardy statute (Code 1931, 48-7-1) which provides that a proceeding in bastardy may not be instituted after the child has become three years of age.

In *State* v. *Reed*, 107 W. Va. 563, 149 S. E. 669, we held that the non-support statute in so far as it pertains to illegitimate children is in *pari materia* with the bastardy statute and that the two should be construed together. There, a married woman who had lived with her husband within the year prior to the birth of her child charged the defendant with the paternity of her child. We set aside the conviction of the defendant and in so doing held that the provision of the bastardy statute which precludes a married woman from bastardizing her child if she has lived with her husband within the year preceding the child's birth should be read into the non-support statute.

There must be applied here the principle that was applied in the *Reed* case, namely: "Statutes relating to the same subject, whether passed at the same or different times, must

be read and construed together." In placing in the bastardy statute a three year limitation the Legislature recognized the great opportunities for fraud and imposition that would attend upon the leaving open of such matters for an indefinite period. With equal forcefulness the same reasons are applicable to the non-support statute when effort is made to fasten upon a man the paternity of an illegitimate child. The limitation fixed in the bastardy statute must be deemed applicable to non-support as well.

Of course, under the non-support statute (Code 1931, 48-8-1) the father of an illegitimate child is amenable to punishment for failure to maintain such child under sixteen years of age, it being in destitute and necessitous circumstances, if the paternity is admitted, or has been judicially determined in either a bastardy proceeding or a non-support proceeding instituted within three years after the child's birth. Bastardy being a civil proceeding, *Bratt* v. *Cornwell*, 68 W. Va. 541, 70 S. E. 271, a charge thereof may be sustained by a preponderance of evidence. A non-support proceeding is a criminal prosecution and under general law would have to be sustained by proof beyond all reasonable doubt, but the statute (Code 1931, 48-8-5) changes this by providing that in such prosecution no higher proof shall be required than in a civil action. The result is that in a proceeding to fasten upon a man the paternity of an illegitimate child the degree of proof is the same, whether in bastardy or non-support. Therefore an unreversed adjudication of paternity in either kind of proceeding is conclusive of that fact for all legalistic purposes.

Being of opinion that this prosecution is barred by the three year limitation of the bastardy statute, we reverse the judgment of the circuit court and of the criminal court, set aside the verdict, and dismiss the warrant.

*Reversed and rendered.*