STATE OF WEST VIRGINIA *v.* OVVIE MILLS

(No. 8837)

Submitted January 31, 1939.   Decided March 23, 1939.

*Thomas H. West,* for plaintiff in error.

*Clarence W. Meadows,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for defendant in error.

MAXWELL, JUDGE:

This case involves the sufficiency of a warrant for failure of maintenance of an illegitimate child.

The prosecution was originated by a warrant issued by a Cabell County justice of the peace accusing the defendant of having violated Code, 48-8-1—the non-support statute.

The defendant appeared before the justice and moved to quash the warrant for the reason that an allegation of the warrant disclosed that the illegitimate child, with the paternity of which the defendant was charged, was at the time the warrant was issued three years of age. The motion to quash was overruled and, after the justice had found the defendant guilty, an appeal was taken to the Domestic Relations Court.

In that court, the defendant's renewed motion to quash the warrant was not acted upon, but the case was transferred to the circuit court where, after the motion to quash the warrant had been overruled, the defendant was found guilty and ordered to pay the mother of the child the amount due her under the justice's order, and in addition, five dollars a week until the child should reach the age of sixteen years.

The statutory provision under which this warrant is drawn contains no definition of the phrase "illegitimate child". Neither is there any provision concerning the age of the child excepting that it must be "under the age of sixteen years." Reading this section alone, there would be no limitation of time based on a proceeding under it save that which is applicable to all misdemeanors, dating from the time that a father had "without lawful excuse", deserted or willfully neglected or refused "to provide for

the support and maintenance of his * * * illegitimate child * * * under the age of sixteen years, in destitute and necessitous circumstances * * * ."

In *State* v. *Hoult,* 113 W. Va. 587, 169 S. E. 241, this Court followed the rule laid down in *State* v. *Reed,* 107 W. Va. 563, 149 S. E. 669, that the non-support statute so far as it relates to illegitimate children should be read and construed with the bastardy statute, Code, 48-7-1. The latter section provides that the justice shall issue a warrant based upon a bastardy charge "unless the child be three years old or upwards." However, in the *Hoult* case we stated respecting the application of the three-year rule in cases for non-support of illegitimate children: "Of course, under the non-support statute (Code 1931, 48-8-1) the father of an illegitimate child is amenable to punishment for failure to maintain such child under sixteen years of age, it being in destitute and necessitous circumstances, if the paternity is admitted, or has been judicially determined in either a bastardy proceeding or a non-support proceeding instituted within three year's after the child's birth." The expression, "is admitted", used in the above quotation, should not be narrowly construed. It should be taken to include an admission of paternity which had been made within three years following the birth of the child.

If the putative father, before the child has reached the age of three, admits the paternity of the child, the same result is thereby attained as though there had been an adjudication in a proceeding instituted within that period. It would be unconscionable to permit a man who had admitted the paternity of a child and contributed to its support within the first three years of its life, thereafter to avoid responsibility for the child because, foresooth, his liability had not been judicially determined within the stated period. The fact of his admission of paternity and his contribution of support, thereby lulling the mother into a sense of security on that point, would be the most effective reason why there would not be instituted against him a proceeding wherein there could be a judicial pronouncement.

But the warrant does not make a *prima facie* case within the principle hereinabove discussed. It states that the child is three years of age, and there is no allegation of present admission of paternity of the child, or that there had been such admission before the child attained the age of three years, or that there had been an adjudication thereof in a bastardy or non-support proceeding instituted within the period of three years after the birth of the child. Such an allegation is necessary to overcome, for the purposes of the accusation, the applicability of the three-year rule. Because of the lack of such allegation the warrant is fatally defective. The motion to quash should have been sustained.

For the reasons stated we reverse the judgment of the circuit court, and, entering such judgment as the trial court should have entered, we sustain the motion to quash the warrant and dismiss the proceeding without prejudice.

*Reversed and rendered.*

KENNA, JUDGE, concurring in part; dissenting in part:

I regret my failure to be in accord with the views expressed in the majority opinion.

Code, 48-8-1, together with that part of Code, 48-7-1, to be read with it, is a penal statute to be strictly construed. *Hall* v. *Norfolk & W. R. Co.*, 44 W. Va. 36, 28 S. E. 754, 41 L. R. A. 669, 67 Am. St. Rep. 757; *Diddle* v. *Continental Casualty Co.*, 65 W. Va. 170, 63 S. E. 962, 22 L. R. A. (N. S.) 779. As to the nature and purpose of Code. 48-8-1, see also, *Clifton* v. *Clifton*, 83 W. Va. 149, 152, 98 S. E. 72; and *Davis* v. *Prunty*, 114 W. Va. 285, 286, 171 S. E. 644. It is to be supposed that the opinions of this Court in the cases of *State* v. *Reed*, 107 W. Va. 563, 149 S. E. 669, and *State* v. *Hoult*, 113 W. Va. 587, 169 S. E. 241, cited in the majority opinion, were both based upon this principle. To my mind this opinion should follow the same rule of construction.

It is settled that Code, 48-8-1, should be read together

with Code, 48-7-1, in so far as the first section relates to illegitimate children. The latter section provides " * * * unless the child be three years old or upward * * *", a warrant shall be issued for the person accused of its paternity. Immediately preceding the quoted language from the opinion in the *Hoult* case found in the principal opinion is the following language: "In placing in the bastardy statute a three year limitation the Legislature recognized the great opportunities for fraud and imposition that would attend upon the leaving open of such matters for an indefinite period. With equal forcefulness the same reasons are applicable to the non-support statute when effort is made to fasten upon a man the paternity of an illegitimate child. The limitation fixed in the bastardy statute must be deemed applicable to non-support as well." The legislature evidently supposed that three years is a long enough period to accord to the mother of an illegitimate child the opportunity to prevent imposition, and that thereafter evidence supporting a denial of paternity would be practically impossible to produce.

I do not grasp the unconscionable consequence of limiting a person who is well enough advised to proceed under a criminal statute to a three year period in which to do so, or to adjust the difficulty by a lump sum settlement, an enforceable contractual obligation or even by marriage with the reputed father, and by one of these means bring the regrettable situation to rest.

Of course, if paternity were admitted by the accused during the course of the proceeding, the three-year limitation enacted to prevent fraud, perjury, blackmail, and what not, of persons accused of an illegitimate paternity would plainly be unnecessary. I think that this was the meaning of the Court in the *Hoult* opinion by saying that if the accused was to be amendable to punishment for failure to maintain an illegitimate child under sixteen years of age if paternity *is* admitted or *has been* judicially determined in a proceeding instituted within three years after the child's birth. I do not agree

that this would constitute a narrow construction of the language of that opinion. But if it would, it strikes me that it is defeating the purpose of a strict construction to hold that an opinion construing a penal statute is to be liberally construed. Vicious circles should be avoided, and one's method of reasoning should not be altered until a conclusion has been reached. Why construe a penal statute strictly if the opinion applying a strict construction is thereafter to be liberally construed?

ˉ It is perfectly apparent that the legislature in enacting both of the sections under consideration has extended liberality very far for the relief of illegitimate children and for the punishment of those guilty of their paternity. As is said in the *Hoult* case, a non-support proceeding is a criminal prosecution in which, owing to a statutory provision, proof beyond a reasonable doubt is not required and a preponderance of the evidence is sufficient. This liberality was for the legislature to exercise, but it emphasizes the importance of adhering to the rule that a penal statute is subject to a strict construction when the accused is before the court.

For the foregoing reasons, I concur in the result but do not believe that this Court should hold that even a verbal admission of paternity during the three-year period may be shown after an illegitimate child is three years old, and when shown to the satisfaction of a jury is sufficient to warrant a conviction at any time before the illegitimate child reaches the age of sixteen.