STATE OF WEST VIRGINIA *v.* FRED RICHMOND

(No. 9321)

Submitted September 3, 1942. Decided October 27, 1942.

778

*Martin Brown,* for plaintiff in error.

*William S. Wysong,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for defendant in error.

RILEY, JUDGE:

Upon complaint of Bertha Coburn, a warrant was issued by a justice of peace, charging defendant, Fred Richmond, with the unlawful desertion and wilful neglect and refusal "to provide for the support and maintenance of his illegitimate child, Frederick Eugene, under the age of sixteen years and in destitute and necessitous circumstances." Defendant pleaded not guilty, and, upon hearing, the justice found "defendant guilty as charged." Upon appeal to the Circuit Court of Marshall County, a jury likewise found defendant guilty, and he now prosecutes error to the judgment of that court which requires him to pay $8.00 monthly to Bertha Coburn, mother of the child, until it reaches the age of sixteen years.

In this proceeding the warrant is in the language of Code, 48-8-1. Does this suffice to charge defendant with the misdemeanor which the nonsupport statute contemplates? In *State* v. *Hoult,* 113 W. Va. 587, 169 S. E. 241, defendant was charged similarly, except that the warrant specifically alleged that the child was four years of age. As shown by the printed record, defendant moved to quash the warrant and offered for filing a plea of the statute of limitations, predicated upon Code, 48-7-1, which, in effect, provides that a bastardy proceeding may not be instituted after the child has become three years of age. The trial court rejected both the motion to quash and the plea, and, upon review here, this Court's reversal was based solely upon the proposition that prosecution was barred "by the three-year limitation of the bastardy statute." While the sufficiency of the warrant was one of the issues involved

in the *Hoult* case, the opinion is silent of any consideration thereof. The question of the sufficiency of a warrant under the nonsupport statute was again presented in *State* v. *Mills*, 121 W. Va. 205, 2 S. E. (2d) 278, wherein the allegations were substantially identical with those in the warrant in the *Hoult* case. The child for whom support was sought was three years of age, and, as in the former case, the warrant alleged the child's age. The warrant was condemned, and syllabus, point 2, reads as follows:

› "A warrant for non-support of an illegitimate child which discloses that the child is three years or more of age is fatally defective in the absence of an allegation that paternity of the child is admitted by the defendant, or had been admitted before the child attained the age of three years, or had been judicially determined in a bastardy or non-support proceeding instituted within three years after the child's birth."

The opinion in the *Mills* case discusses and, in part, relies upon the *Hoult* decision. If in the *Hoult* case, this Court had passed upon the motion to quash the warrant and applied the holding which it later pronounced in the *Mills* case, the motion would have been sustained, but the Court, as then constituted, preferred not to consider the question arising upon said motion and based its decision, as shown by the opinion, upon the defendant's right to assert as a defensive matter the limitation contained in the bastardy statute. That case simply holds that the two statutes should be considered in *pari materia*, and that the limitation contained in the bastardy statute may be asserted by special plea. In the *Mills* case this Court, on a motion to quash the warrant, required affirmative allegations in the warrant that the "paternity of the child is admitted by the defendant, or had been admitted before the child attained the age of three years, or had been judicially determined in a bastardy or non-support proceeding instituted within three years after the child's birth." Whether the *Hoult* decision is inconsistent with that in the *Mills* case need not now be decided, because we are committed to the rule enunciated in the *Mills* case.

The warrant in this proceeding does not set forth the age of the alleged illegitimate child at the time of its issuance. Shall the rule of the *Mills* case obtain herein? The conclusions reached by the Court in the two cases discussed resulted from construing the nonsupport statute in conjunction with the bastardy statute, a construction approved in *State* v. *Reed,* 107 W. Va. 563, 149 S. E. 669. To that extent there is harmony between these cases, and the case against defendant Richmond, we think, is one for application of such construction. While the offense with which an accused may be chargeable is nonsupport of an illegitimate child under the age of sixteen years, it becomes pertinent to know if the child is under three years of age for, if it is not, then there can be no offense unless the paternity is admitted, or had been admitted before the child attains the age of three years, or determined judicially in a proceeding instituted prior to the child's attaining three years.

We recognize that a proceeding under the bastardy statute has been classed as civil in its nature (*Bratt* v. *Cornwell,* 68 W. Va. 541, 70 S. E. 271), and where a proceeding is instituted thereunder, the issue is, of course, the paternity of the child, but a proceeding under the nonsupport statute is a criminal prosecution which has for its chief purpose the support and maintenance of a child, legitimate or illegitimate, or other named dependent in destitute circumstances (*State* v. *Hoult, supra*). Be that as it may, a child's right to the support emanates from the duty to support, which arises, where the child is three years or more, only if the paternity is so. established or admitted. Hence, it is pertinent whether an alleged illegitimate child is under three years of age, for if not, paternity alone is not the basis of the offense. It is then paternity of an illegitimate child, determined in a proceeding instituted or admitted as aforesaid. Since these factors are requisite to sustain a conviction of nonsupport, a valid warrant must affirmatively allege either that the illegitimate child is under three years of age or that the paternity of the child is admitted by the defendant, or had been ad-

mitted before the child attained the age of three years, or had been judicially determined in a bastardy or non-support proceeding instituted within three years after the child's birth.

We are aware that defendant did not in the trial court challenge the sufficiency of the warrant by motion to quash, demurrer or motion in arrest of judgment, although there was a motion to quash overruled by the justice of peace. In *State* v. *McGinnis,* 116 W. Va. 473, 181 S. E. 820, 821, an identical situation existed, and it was stated therein that primary defects in an indictment are not waived by such failure and that such defects "should have been taken into consideration by the court on the motion to set aside the verdict and award a new trial." Though the *McGinnis* case involved an indictment for a felony, the principle thereof is likewise applicable herein.

Because we have held the warrant insufficient, discussion of the evidence and other assignments of error are unnecessary.

We reverse the judgment, set aside the verdict, and remand the case with directions to dismiss the warrant.

*Reversed and remanded.*