STATE OF WEST VIRGINIA

*v.*

GILBERT EPPERLY

(No. 10338)

Submitted April 17, 1951. Decided May 29, 1951.

*William C. Marland,* Attorney General, *Thaddeus D. Kauffelt,* Special Assistant Attorney General, for plaintiff in error.

*Daugherty & Daugherty,* for defendant in error.

HAYMOND, JUDGE:

The defendant, Gilbert Epperly, was tried and found guilty by a Justice of the Peace of Cabell County, on December 19, 1949, upon a warrant which charged that he wilfully neglected to provide for support and maintenance of his illegitimate child. Upon appeal to the circuit court the warrant was quashed and the case dismissed by final order entered September 11, 1950, on the ground that the warrant was issued upon the sworn complaint of a person who is conceded to be the grandmother of the illegitimate child. To that judgment this writ of error was granted by this Court upon the petition of the State of West Virginia.

The warrant, which was based upon a complaint made by a woman who was not the mother, but the grandmother, of the illegitimate child, charged the defendant with an offense created by Section 1, Article 8, Chapter 48, Code, 1931, and is in this form:

"State of West Virginia, Cabell County, to-wit:

"To any officer or Constable of Kyle District, in said County:

"Whereas Elizabeth Fields of said County, this day made complaint and information on oath before me, C. HAROLD KITCHEN, a Justice of the Peace in Kyle District, in said County, that Gilbert Epperly did commit

a misdemeanor in this that he, the said Gilbert Epperly on the 14th day of November, 1949 and ever since that time, in the said County, did without lawful excuse wilfully neglect to provide for the support and maintenance of his illegitimate child commonly known as and called Annabelle Fields, now over the age of three years but under the age of sixteen years, she, the said Annabelle Fields then and there, in the County aforesaid, being in destitute and necessitous circumstances; the paternity of the said child having been admitted by the said Gilbert Epperly before the said child attained the age of three years.

"Against the peace and dignity of the State.

"Therefore we command you in the name of the State of West Virginia, forthwith to apprehend the said Gilbert Epperly and bring him before me, at my office 736 FOURTH AVENUE, KYLE DISTRICT, in said County, to answer the said complaint, and to be further dealt with in relation thereto, according to law.

"Given under my hand this 15th day of November, 1949.

"C. Harold Kitchen

"C. HAROLD KITCHEN, Justice of the Peace."

The complaint upon which the warrant was issued also states that the paternity of the child was admitted by the defendant before the child attained the age of three years.

The sole question for decision is whether a warrant which charges a parent with the offense of wilfully neglecting to provide for the support of his illegitimate child, under the age of sixteen years, in destitute and necessitous circumstances, created by Section 1, Article 8, Chapter 48, Code, 1931, is sufficient if based upon a complaint made by any person other than the mother of such child.

The defendant contends, and the circuit court held, that the warrant in this case, having been issued upon a

complaint made by the grandmother, and not by the mother, of the illegitimate child, is fatally defective.

To sustain this contention the defendant invokes Section 1, Article 7, Chapter 48, Code, 1931, which deals with a bastardy proceeding. The pertinent parts of that statute are in these words: "Any unmarried woman may go before a justice of the county in which she resides and accuse any person of being the father of a bastard child of which she has been delivered. * * * unless the child be three years old or upwards, the justice shall issue a warrant, directed to the sheriff of, or a constable in, any county where the accused may be, requiring him to be apprehended and taken before a justice of the county in which he may be found; * * *. If a married woman live separate and apart from her husband for the space of one year or more, and shall not at any time during such separation, cohabit with such husband she may, if she be delivered of a child at any time after such one year, and while such separation continues, accuse any person, other than her husband, of being the father of such child, in like manner, and the same proceeding shall thereupon be had, as if she were an unmarried woman." He also cites and relies upon *State* v. *Richmond*, 124 W. Va. 777, 22 S. E. 2d 537; *State* v. *Mills*, 121 W. Va. 205, 2 S. E. 2d 278; *State* v. *Hoult*, 113 W. Va. 587, 169 S. E. 241, and *State* v. *Reed*, 107 W. Va. 563, 149 S. E. 669, the holdings in which are to the effect that the statute relating to a bastardy proceeding, incorporated in Article 7, Chapter 48, Code, 1931, and the statute dealing with desertion and nonsupport by a husband of his wife and by a parent of a child or children, incorporated in Article 8, Chapter 48, Code, 1931, as amended, should be read and construed together, when the question of the paternity of an illegitimate child is involved in a prosecution for nonsupport of such child. The defendant asserts in effect that under the cases just cited, the quoted provisions of Section 1, Article 7, Chapter 48, Code, 1931, which as pointed out in *Billingsley* v. *Clelland*, 41 W. Va. 234, 23 S. E. 812, permit only the mother of the child to

institute a bastardy proceeding, when read together with the provisions of Section 2, Article 8, of the same chapter, restrict the scope of that section, with respect to the institution of proceedings under it, to such proceedings only as may be instituted upon complaint under oath or affirmation by the mother of the child or children mentioned in the statute. This contention is wholly untenable and completely ignores and overlooks the express language of Section 2 of Article 8 that "Proceedings under this article may be instituted upon complaint made under oath or affirmation by the wife, child or children, or by any other person who may be cognizant of the facts, before any justice of the peace of the county in which such wife, child or children may be, * * *."

Statutes which may be read and construed together are those which relate to the same person or things, or to the same class of persons or things, or which have a common purpose; and the rule is well established that in the construction of a particular statute, or in the interpretation of its provisions, all statutes which deal with the same subject, or which have the same general purpose, should be read in connection with it, as together constituting one law, even though such statutes were enacted at different times and contain no reference to each other. 59 C. J., Statutes, Paragraph 620 (2), pages 1042 to 1047. In Sutherland Statutory Construction, 3rd Edition, Horack, Vol. 2, Section 5201, this statement appears: "The intent of the legislature when a statute is found to be ambiguous may be gathered from statutes relating to the same subject matter—statutes *in pari materia.*" In footnote 1 to that section, the author says: "Statutes relating to the same subject matter may not be resorted to in order to determine the intent of the legislature in enacting a statute if the statute is clear and unambiguous." The rule that statutes should be read and construed together is a rule of statutory construction and will be applied only as an aid in determining the meaning of a doubtful or ambiguous statute and it may not be invoked when the language of the statute is clear and

unambiguous. 59 C. J., Statutes, Paragraph 620 (2) (a), page 1050, and Paragraph 619, d, (1), page 1041. "It is a fundamental rule of statutory construction that sections and acts in pari materia, and all parts thereof, should be construed together, and compared with each other. No one act, or portion of all the acts, should be singled out for consideration apart from all the legislation on the subject. Under this rule, each statute or section is construed in the light of, with reference to, or in connection with, other statutes or sections. Recourse is had to the several statutes or sections for the purpose of arriving at a correct interpretation of any particular one. The object of the rule is to ascertain and carry into effect the intention of the legislature. It proceeds upon the supposition that the several statutes were governed by one spirit and policy, and were intended to be consistent and harmonious in their several parts and provisions. However, no mere collation of other statutes is decisive in determining what a particular statute means. Moreover, as in the case of all other rules of statutory construction, the necessity of applying the rule as to the construction of statutes in pari materia exists only where the terms of the statute to be construed are ambiguous, or its significance doubtful. Statutes in pari materia may not be resorted to to control the clear language of the statute under consideration." 50 Am. Jur., Statutes, Section 348.

In each of the cases of *State* v. *Richmond,* 124 W. Va. 777, 22 S. E. 2d 537; *State* v. *Mills,* 121 W. Va. 205, 2 S. E. 2d 278; *State* v. *Hoult,* 113 W. Va. 587, 169 S. E. 241, and *State* v. *Reed,* 107 W. Va. 563, 149 S. E. 669, the defendant was charged and prosecuted for the offense of wilfully neglecting or refusing, without lawful excuse, to provide for the support and maintenance of his illegitimate child, under the age of sixteen years in destitute and necessitous circumstances, in violation of the nonsupport statute. In those prosecutions the issue of the paternity of the child was directly involved as an essential element of the alleged offense. The statute, either in the form in which

it appeared as Section 16c (1), Chapter 144, Code, 1923, as amended, or as it appears as Section 1, Article 8, Chapter 48, Code, 1931, contains no express provision which deals with the time or the manner in which the paternity of an illegitimate child must be determined. On that point the statute is ambiguous and of doubtful significance; and in the cases just cited this Court gave recognition and effect to the rule that statutes which deal with the same subject should be read and construed together, and treated the provisions of the bastardy statute relating to the paternity of the child as part of the nonsupport statute. The provision of the nonsupport statute, here involved, contained in Section 2, Article 8, Chapter 48, Code, 1931, that "Proceedings under this article may be instituted upon complaint made under oath or affirmation by the wife, child or children, or by any other person who may be cognizant of the facts, before any justice of the peace of the county in which such wife, child or children may be," however, is clear and free of any ambiguity. For this reason, the holdings of this Court, in the cited cases, in treating certain provisions of the bastardy statute as part of the nonsupport statute, do not apply to the question here presented, and, on that point, those cases are distinguishable from the case at bar. For the same reason, the statements respecting the rule in the opinion of this Court in *Holmes* v. *Clegg,* 131 W. Va. 449, 48 S. E. 2d 438, also cited by the defendant, are likewise inapplicable to the question involved in this case. In *Smith* v. *Western Pacific Railway Company,* 203 N. Y. 499, 96 N. E. 1105, 40 L. R. A., N. S., 137, the Court of Appeals of New York, in discussing the rule that statutes relating to the same subject should be read and construed together, and in refusing to apply the rule in that case, said " * * * while the argument that statutory provisions are in *pari materia* may at times be of use in solving doubts concerning the application or meaning of a particular provision, it cannot be made the basis for thwarting the undoubted application and overturning the clear meaning of a statute. The language of the provision in question is so plain and comprehensive that this is what we should do if we

adopted the interpretation urged by appellant." The language just quoted applies with peculiar force to the above quoted provision of Section 2, Article 8, Chapter 48, Code, 1931, which deals with the complaint in a non-support proceeding and specifically permits certain persons to make it.

When a statute is clear and unambiguous, and the legislative intent is plain, the statute should not be interpreted by the courts. *Hereford v. Meek,* 132 W. Va. 373, 52 S. E. 2d 740; *State of West Virginia ex rel. Department of Unemployment Compensation v. Continental Casualty Company,* 130 W. Va. 147, 42 S. E. 2d 820; *State ex rel. McLaughlin v. Morris,* 128 W. Va. 456, 37 S. E. 2d 85; *State v. Patachas,* 96 W. Va. 203, 122 S. E. 545; 50 Am. Jur., Statutes, Section 225. In such case the duty of the courts is not to construe but to apply the statute, and in so doing, its words should be given their ordinary acceptance and significance and the meaning commonly attributed to them. 50 Am. Jur., Statutes, Section 225. As already pointed out, the quoted provision of Section 2, Article 8, Chapter 48, Code, 1931, is clear and unambiguous; its meaning is plain; and it means exactly what it plainly expresses. In consequence, that provision of the statute is not open to interpretation, and the rule of statutory construction that statutes which relate to the same subject should be read and construed together does not apply to that provision of the statute.

The sworn complaint made by the grandmother of the child, upon which the warrant in this proceeding is based, indicates clearly that the facts stated in the complaint are within the knowledge of the person who made it. They are not based on information and belief. The complaint contains a positive statement of facts which constitute the elements of the offense of nonsupport, under Section 1, Article 8, Chapter 48, Code, 1931, which creates the offense. It also contains the direct and positive statement that the paternity of the child was admitted by the defendant before the child attained the age of three years. The warrant follows the complaint and

contains the same factual statements. It is clear beyond question that the complaint, though not made by the wife, child or children of the defendant, was made by another person who was cognizant of the facts set forth in it and that, in that respect, it is within, and clearly authorized by, the applicable provision of the statute. Section 2 of Article 8 plainly authorizes any person who is cognizant of the pertinent and material facts, and who may or may not be the mother of the child, to initiate a prosecution for nonsupport upon a complaint under oath or affirmation and to make such complaint. To apply the clear and unambiguous provision in that section of the statute in any other way, or to subject it to interpretation and to give it the construction contended for by the defendant in this proceeding, would emasculate its force and effect and be productive of an intolerable and absurd result in any instance in which the wife, the child, or the children, of the defendant, or the mother of an illegitimate child, by reason of death or for any other cause, could not make the complaint, and would enable a person whose guilt is known to other persons cognizant of the facts to escape arrest and prosecution for any offense created by the nonsupport statute. It is manifest that the Legislature, in expressly providing that the complaint may be made by any person, who is cognizant of the facts, other than the wife, the child or the children, intended to prevent the occurrence of a situation of the character just indicated; and the plain duty of this Court is to give effect to the clearly expressed legislative intent and to refuse to permit the statute to be undermined or its purpose defeated by the application of any rule of statutory construction which would tend to produce any such result.

In commenting upon the essential requirements in a prosecution for nonsupport of an illegitimate child in *Holmes* v. *Clegg*, 131 W. Va. 449, 48 S. E. 2d 438, this Court said: "A prosecution for nonsupport of an illegitimate child cannot be maintained unless: (1) The child is under the age of three years; or (2) the paternity is

admitted by defendant; or (3) the defendant admitted the paternity of the child before it reached the age of three years; or (4) the paternity had been judicially determined in a bastardy proceeding or a nonsupport prosecution commenced within three years after the birth of the child. *State* v. *Richmond, supra; State* v. *Mills,* 121 W. Va. 205, 2 S. E. 2d 278." In *State* v. *Mills,* 121 W. Va. 205, 2 S. E. 2d 278, this Court held in Point 1 of the Syllabus: "Under the non-support statute (Code 1931, 48-8-1) the father of an illegitimate child is amenable to punishment for failure to maintain such child under sixteen years of age, it being in destitute and necessitous circumstances, if the paternity is admitted or had been admitted before the child attained the age of three years, or had been judicially determined in either a bastardy or non-support proceeding instituted within three years after the child's birth." As the complaint was made by a person cognizant of the facts and as the warrant, based upon it, sets forth the elements of the statutory offense of nonsupport and that the defendant admitted the paternity of the child before she attained the age of three years, it sufficiently states that offense, charges the defendant with having committed it, and is good on motion to quash which is of the nature of a demurrer and may be treated as a demurrer in this proceeding. See *State* v. *DeBoard,* 119 W. Va. 396, 194 S. E. 349; 27 Am. Jur., Indictments and Informations, Section 138; 42 C. J. S., Indictments and Informations, Section 195. In consequence, the action of the circuit court, in sustaining the motion to quash the warrant and in dismissing this proceeding, constituted reversible error.

Of course, upon a trial, the State must establish, by competent evidence, the material facts charged in the warrant, including the alleged admission by the defendant of the paternity of the child. As these facts are admitted to be true upon demurrer or motion to quash, however, the matter of proof is not presented or considered upon this writ of error.

It is also pertinent to state that the rule that statutes

which relate to the same subject should be read and construed together, as recognized or applied by this Court in *Holmes* v. *Clegg,* 131 W. Va. 449, 48 S. E. 2d 438; *State* v. *Richmond,* 124 W. Va. 777, 22 S. E. 2d 537; *State* v. *Mills,* 121 W. Va. 205, 2 S. E. 2d 278; *State* v. *Hoult,* 113 W. Va. 587, 169 S. E. 241, and *State* v. *Reed,* 107 W. Va. 563, 149 S. E. 669, is not in any wise questioned, modified, or departed from by this decision or by any statements or expressions in this opinion; and that the rule and the provisions of the bastardy statute relating to the paternity of an illegitimate child, as dealt with and considered by this Court in those cases, are applicable to any issue involving the paternity of the child, mentioned in the warrant, that may arise in this proceeding upon the trial of the offense with which the defendant is charged.

The judgment of the Circuit Court of Cabell County is reversed and set aside and this proceeding is remanded to that court for trial of the offense charged in the warrant.

*Reversed and remanded.*