718 S.E.2d 492

Christopher G. MORRIS, State Tax
Commissioner of West Virginia,
Petitioner Below, Appellant

v.

HEARTWOOD FORESTLAND FUND
LIMITED PARTNERSHIP; Heartwood
Forestland Fund II Limited Partner-
ship; Heartwood Forestland Fund III
Limited Partnership; and Heartwood
Forestland Iv Limited Partnership, Re-
spondents Below, Appellees.

No. 35476.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 21, 2010.

Decided Nov. 18, 2010.

McHUGH, Justice:

In this appeal, the State Tax Commissioner[1] (hereinafter "the Commissioner") challenges the July 29, 2009, final order of the Circuit Court of Kanawha County affirming the decision of the Office of Tax Appeals. The Office of Tax Appeals held in an order dated March 18, 2008, that Heartwood Forestland Fund Limited Partnership, Heartwood Forestland Fund II Limited Partnership, Heartwood Forestland Fund III Limited Partnership, and Heartwood Forestland Fund IV Limited Partnership (hereinafter "Appellees"), were exempt from paying the business franchise tax assessment issued by the Commissioner because the partnerships were involved in "agriculture and farming," activities not subject to the business franchise tax. Having completed our review of the briefs and arguments of the parties, relevant statutes, and case law, we affirm the ruling of the lower court.

## I. Factual and Procedural Background

Appellees are North Carolina limited partnerships[2] that have invested in wooded lands in West Virginia.[3] They are qualified to do business in West Virginia where their operations are limited to managing the timberland they own, producing and sustaining timber on that land and selling the harvest rights to the standing timber to third parties. All of this is accomplished through forest land management plans designed by Appellees.

In 2000, the Commissioner notified Appellees that they should be filing business franchise tax returns. Appellees contested compliance with the notices. The Commissioner determined that no business franchise tax returns would need to be filed for years prior to 2003, but insisted that returns be filed for

Darrell V. McGraw, Jr., Attorney General, Scott E. Johnson, Assistant Attorney General, Charleston, WV, for Appellant.

Michael E. Caryl, Tom Heywood, Heather G. Harlan, Bowles Rice McDavid Graff & Love, Martinsburg, WV, W. Scott Wright, Daniel R. McKeithen, Pro hac vice, Sutherland Asbill & Brennan LLP, Atlanta, GA, for Appellees.

1. The current Tax Commissioner is Craig A. Griffith, who was appointed to that post on June 30, 2010. The appeal of the Office of Tax Appeals decision was filed in the circuit court by the former Commissioner, Christopher G. Morris.

2. Another North Carolina partnership, Forestland Group LLC, manages Appellees, and has filed income and franchise tax returns in West Virginia. The tax liability of the managing partnership is not at issue in this case.

3. According to the Commissioner, the real property Appellees own in West Virginia has been certified by the West Virginia Division of Forestry as "managed timberland," which qualifies the property for treatment as such for *ad valorem* property tax purposes under West Virginia Code § 11–1C–11(b) (1998).

the years at issue in the present case, 2003 and 2004. Appellees complied with this request by filing returns on which they stated that they were not subject to the business franchise tax because their activities were limited to agriculture and farming. The Commissioner subsequently issued notices of business franchise tax assessment to Appellees. Appellees petitioned the Office of Tax Appeals for a reassessment.

As noted in the March 18, 2008, Office of Tax Appeals order, the parties agreed to forego an evidentiary hearing and submitted the matter for decision based upon stipulations as to material facts. Also reflected in this order was the finding by the Office of Tax Appeals that the partnerships were excepted from the business franchise tax because their exclusive business activity was agriculture and farming. The Commissioner appealed this decision to the circuit court.

In addition to renewing the arguments raised before the Office of Tax Appeals, the Commissioner maintained in the circuit court appeal that timber is not a "woodland product" resulting from an agriculture and farming activity as that term is used in West Virginia Code § 11–23–3(b)(8) regarding the business franchise tax. In an order dated July 29, 2009, the circuit court rejected the Commissioner's arguments and affirmed the decision of the Office of Tax Appeals.

The Commissioner petitioned this Court for review of the July 29, 2009, circuit court order, which was granted by order dated February 11, 2010.

## II. Standard of Review

█ The central issue in this appeal is a matter of statutory interpretation, which poses a legal question. Syl. Pt. 1, *Appalachian Power Co. v. State Tax Dept.*, 195 W.Va. 573, 466 S.E.2d 424 (1995) (holding that "[i]nterpreting a statute or an administrative rule or regulation presents a purely legal question

subject to *de novo* review"). "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

## III. Discussion

█ The Office of Tax Appeals phrased the dispositive issue in this case as whether the "activities of growing and managing standing timber, without any timbering activity, are excepted clearly from the West Virginia business franchise tax." Appellees argued before the Office of Tax Appeals that the activities of the partnerships were limited to "agriculture and farming," which are excepted from the business franchise tax pursuant to West Virginia Code § 11–23–3(b)(8). The Commissioner contended that the partnerships were subject to the business franchise tax because the **property tax** definition of "farming" specifically excludes forestry and growing of timber and the same should be incorporated into the **franchise tax** definition of "agriculture and farming." The Commissioner maintained that the incorporation was warranted because there is a cross-reference made in the business franchise tax statute (W. Va.Code § 11–23–3(b)(8)) to the property tax portion of the Code regarding valuation of farm property (W. Va.Code § 11–1A–10). Under the language in West Virginia Code § 11–1A–10(b), a person engaged in forestry or growing timber is not engaged in farming for property tax purposes. The Commissioner maintained that even though Appellees were not engaged in timbering directly, they were in the forestry business because they made money by selling standing timber to other entities engaged in timbering.[4]

---

**4.** The Commissioner has raised additional arguments in this appeal regarding the definition of "woodland products" and "timbering activity," as well as altering the characterization of a business for varying tax purposes. We limit our review to the issue raised at the time the record was made in this case at the Office of Tax Appeals. *State ex rel. Clark v. Blue Cross Blue Shield of West Virginia, Inc.*, 203 W.Va. 690, 699,

510 S.E.2d 764, 773 (1998) ("Typically, we have steadfastly held to the rule that we will not address a nonjurisdictional issue that has not been determined by the lower court."); Syl. Pt. 2, *Duquesne Light Co. v. State Tax Dept.*, 174 W.Va. 506, 327 S.E.2d 683 (1984) ("This Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance.").

In enacting the business franchise tax, the Legislature declared that the "tax is imposed on the privilege of doing business in this state[.]" W. Va.Code § 11–23–1 (1985); *see also* W. Va.Code § 11–23–6(a) (2008). At the heart of the inquiry before us is the definition of "doing business" appearing in the business franchise tax statute at West Virginia Code § 11–23–3(b)(8), which provides:

> The term "doing business" means any activity of a corporation or partnership which enjoys the benefits and protection of the government and laws of this state, *except the activity of agriculture and farming, which shall mean* the production of food, fiber and woodland products (but not timbering activity) by means of cultivation, tillage of the soil and by the conduct of animal, livestock, dairy, apiary, equine or poultry husbandry, horticulture, or any other plant or animal production and all farm practices related, usual or incidental thereto, including the storage, packing, shipping and marketing, but not including any manufacturing, milling or processing of such products by persons other than the producer thereof.

> The activity of agriculture and farming shall mean such activity, *as above defined,* occurring on not less than five acres of land and the improvements thereon, used in the production of the aforementioned activities, and shall mean the production of at least one thousand dollars of products per annum through the conduct of *such principal business activities as set forth in section ten [§ 11–1A–10], article one-a, chapter eleven of this code.*

(Emphasis added.) The relevant portion of West Virginia Code § 11–1A–10 herein cross-referenced reads (with emphasis added):

> (b) A person is not engaged in farming if he is primarily engaged in forestry or growing timber. Additionally, a corporation is not engaged in farming unless its *principal activity is the business of farming, and in the event that the controlling stock interest in the corporation is owned by another corporation, the corporation owning the controlling interest must also be primarily engaged in the business of farming.*

Relevant legislative rules promulgated by the State Tax Department to explain and clarify these provisions of the business franchise tax provide:

> 3.10. Doing business.—The term doing business means any activity of a corporation or partnership which enjoys the benefits and protection of the government and laws of the State of West Virginia, *except the activities of agriculture and farming.*

> 3.10.1. For purposes of these regulations, the terms *agriculture and farming shall mean* the production of food, fiber, and woodland products (but not timbering activity) by means of cultivation, tillage of the soil and by the conduct of animal, livestock, dairy, apiary, equine or poultry husbandry, horticultural, or any other plant or animal production activity and all farm practices related, usual or incidental thereto, including the storage, packing, shipping and marketing of agricultural or farm products, but not including any manufacturing, milling or processing of such products by persons other than the producer thereof.

> 3.10.2. The *activities of agriculture and farming shall mean such activities, as defined herein,* occurring on not less than five (5) acres of land and the improvements thereon, used in the aforementioned activities, and shall mean only such agriculture and farming activities resulting in the production of at least one thousand dollars ($1,000.00) of agriculture or farming products per annum through the conduct of the business of farming as the *principal activity* of the corporation or partnership in the manner described in W. Va.Code § 11–1A10 et seq. and the regulations related thereto.

110 W. Va.C.S.R. 23 §§ 3.10, 3.10.1, 3.10.2 (1992) (emphasis added).

Upon consideration of the above statutory and regulatory provisions, the Office of Tax Appeals issued a thorough and well-reasoned opinion of the Chief Administrative Law Judge R. Michael Reed on March 18, 2008, containing the following conclusions:

> It is clear that the explicit language of both the relevant statute, W. Va.Code

§ 11–23–3(b)(8) [1991], and of the relevant legislative regulations, W. Va.Code St. R. §§ 110–23–3.10.1 & –3.10.2 (Apr. 15, 1992), defines the term "agriculture and farming," for business franchise tax purposes, *as set forth therein,* including "the production of woodland products (but not timbering [severing] activity), . . . and . . . plant . . . production" [ ]—and not as set forth in W. Va.Code § 11–1A–10(b) [1983] (which, for *ad valorem* property tax purposes, excludes forestry or growing timber from "farming"). It is also clear, especially from the very wording of W. Va.Code St. R. § 110–23–3.10.2 (Apr. 15, 1992), that the referral to W. Va.Code § 11–1A–10 [1983], near the end of W. Va.Code § 11–23–3(b)(8) [1991], is *only* for the purpose of incorporating the requirement of *"principal activity"* into the meaning of the "business of farming," for business franchise tax purposes (as well as for property tax purposes).

(Emphasis in original.) Thereafter, the Office of Tax Appeals order contains the following conclusion of law:

The exception from the West Virginia business franchise tax set forth in W. Va. Code [ § ] 11–23–3(b)(8) [1991], defining the term "doing business" for such tax purposes as excluding the activity of "agriculture and farming," applies clearly to the activities of growing and managing standing timber, without any timbering (severing) activity, when, as here, such activities are carried on to the extent required by that definition of the term "agriculture and farming" provided in that same statute for business franchise tax purposes.

The circuit court likewise closely reviewed the statutory and regulatory provisions at issue before affirming the Office of Tax Appeals ruling. In its July 29, 2009, order, the circuit court concluded as a matter of law "that the Partnerships' activities satisfy all of the requirements of the franchise tax definition of 'agriculture and farming' found in W. Va.Code § 11–23–3(b)(8). Since the Partnerships are engaged in the activity of agriculture and farming, they are not subject to the franchise tax."

■ When determining matters involving statutory language, we initially look to the intent of the Legislature in enacting the law. Syl. Pt. 1, *Smith v. State Workmen's Comp. Commr.,* 159 W.Va. 108, 219 S.E.2d 361 (1975) ("The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature."). However, "[a] statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. Pt. 2, *State v. Epperly,* 135 W.Va. 877, 65 S.E.2d 488 (1951).

■ It is clear that the Legislature intended that the business franchise tax be "imposed on the privilege of doing business in this state." W. Va.Code § 11–23–1. It is also clear that the Legislature intended that "doing business" did not apply to agriculture and farming activities which occur on at least five acres of land and producing at least a thousand dollars of products a year as a principal business activity. W. Va.Code § 11–23–3(b)(8). Equally apparent on the face of West Virginia Code § 11–23–3(b)(8) is that the definition of the *"activity* of agriculture and farming" is defined solely within that statute, wherein it states: "except the activity of agriculture and farming, which *shall mean."* "It is well established that the word 'shall,' in the absence of language in the statute showing a contrary intent on the part of the Legislature, should be afforded a mandatory connotation." Syl. Pt. 1, *Nelson v. West Virginia Publ. Employees Ins. Bd.,* 171 W.Va. 445, 300 S.E.2d 86 (1982). No contrary legislative intent appears in this statute; instead, the Legislature reiterates its intent in the second paragraph of West Virginia Code § 11–23–3(b)(8) by indicating that agriculture and farming are defined earlier in this provision. It is clear from the structure of the statute that reference in West Virginia Code § 11–23–3(b)(8) to West Virginia Code § 11–1A–10, following the definition of agriculture and farming, is made in connection with determining whether agriculture and farming are a *"principal* business activit[y]," not with what how agriculture and farming are defined.

■ Based upon the jointly stipulated facts, the only activity Appellees conduct in their business is managing the trees on the land they own, producing and sustaining timber on the land and selling the harvest rights

to the standing timber to third parties. They do not harvest the timber or participate in any logging activities. As such these activities fall within the definition of agriculture and farming under the business franchise statute of "produc[ing] ... woodland products [outside of a timbering activity] by means of cultivation ... and by the conduct ... [of] other plant ... production and all farm practices related, usual or incidental thereto." W. Va.Code § 11–23–3(b)(8).

■ Based upon our analysis we find that the circuit court correctly upheld the decision of the Office of Tax Appeals. Accordingly, we hold that the exception of agriculture and farming from the business franchise tax set forth in West Virginia Code § 11–23–3(b)(8) (1991) extends to activities of growing and managing timberland, provided that there is no direct involvement in actual timbering activity and the other statutory quantifications and qualifications are met.

## IV. Conclusion

For the reasons stated above, the July 29, 2009, order of the Circuit Court of Kanawha County affirming the March 18, 2008, order of the Office of Tax Appeals is affirmed.

Affirmed.