## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Galen Hansen,**
**Petitioner Below, Petitioner**

**vs.) No. 22-0269** (Kanawha County 22-P-63)

**Pierpont Community and Technical**
**College Board of Governors, and Fairmont**
**State University Board of Governors,**
**Respondents Below, Respondents**

## MEMORANDUM DECISION

Petitioner Galen Hansen[1] appeals the March 10, 2022, order of the Circuit Court of Kanawha County dismissing his lawsuit for lack of jurisdiction and improper venue. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. Proc. 21.

Petitioner brought suit in the Circuit Court of Kanawha County alleging that respondents, the Board of Governors of Fairmont State University and the Board of Governors of Pierpont Community and Technical College, had violated the West Virginia Open Governmental Proceedings Act ("OGPA"). *See* W. Va. Code §§ 6-9A-1 to 6-9A-12. He sought to enjoin respondents from drafting or collaborating in the legislation to merge Fairmont State University and Pierpont Community and Technical College, specifically Senate Bill 653 and House Bill 4723, introduced during the 2022 Regular Session of the West Virginia Legislature. Petitioner maintained that the legislation stemmed from improper discussions between the respondent boards of governors and legislators that circumvented the appropriate legislative processes.

On February 24, 2022, the circuit court, sua sponte, entered a dismissal order, finding that it lacked jurisdiction and that venue was not proper for petitioner's claims in Kanawha County. The court reasoned that the jurisdiction and venue provisions of West Virginia Code § 6-9A-6 that are specific to the OGPA, and not the general venue statute as contained in West Virginia Code § 14-2-2, applied to this action. The court found that "[p]etitioner does not allege that either Respondent regularly meets in Kanawha County, West Virginia[.]" Accordingly, the court determined that petitioner's suit could not be maintained in Kanawha County.

---

[1] Petitioner, a faculty member at Fairmont State University, is a self-represented litigant. Respondent Pierpont Community and Technical College Board of Governors, by counsel Jill Cranston Rice, and Respondent Fairmont State University Board of Governors, by counsel Jeffery W. Lilly, filed responses in support of the circuit court's dismissal order.

After the entry of the dismissal order, petitioner filed multiple amendments and addendums to his original petition. In those amendments, petitioner argued that the State Administrative Procedures Act ("APA"), as contained in Chapter 29A of the West Virginia Code, applied to his claims. Thereafter, on March 10, 2022, the circuit court again dismissed the action on the additional ground that the APA does not apply to petitioner's claims. Further, the circuit court found that it continued to lack jurisdiction and venue to consider the case.

Petitioner also asked the circuit court to order the Legislature to cease further consideration of House Bill 4723 and Senate Bill 653. In response to that request, the circuit court noted that "[t]here is no constitutional provision that prevents the Legislature from considering bills that originated from any particular source." Petitioner appeals from this order.[2] We have held that "[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo.*" Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995).

West Virginia Code § 6-9A-6, which is determinative of the issues before this Court, is plain and unambiguous, so it must be applied, not interpreted, or construed.[3] West Virginia Code § 6-9A-6 provides, in pertinent part, that "[t]he circuit court in the county where the public agency regularly meets has jurisdiction and is a proper venue to enforce this article upon civil action commenced by any citizen of this state[.]" Petitioner does not allege that respondents regularly meet in Kanawha County, but instead suggests that improper meetings or communications occurred between respondents and legislators in Kanawha County. It is undisputed that respondents meet in Marion County. Therefore, Kanawha County is not the proper venue for petitioner to pursue any OGPA claim against respondents. Although petitioner states that Marion County has jurisdiction and is *one* appropriate venue, he argues that it is not the only county that may exercise jurisdiction over his OGPA claim and is a proper venue for that claim. We disagree. Inasmuch as there is only one county where respondents regularly meet, there is only one county where jurisdiction and venue are proper pursuant to the OGPA.[4]

---

[2] In addition to this action, petitioner also filed a separate mandamus action, No. 22-0277, which this Court recently refused on April 26, 2023.

[3] We have long held that "[a] statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. Pt. 2, *State v. Epperly*, 135 W. Va. 877, 65 S.E.2d 488 (1951).

[4] Petitioner also argues that West Virginia Code §§ 14-2-2 and 14-2-2a are instructive. These statutes, a general venue statute and a general higher education statute, respectively, are less-specific enactments than the OGPA, under which petitioner brought his cause of action. Therefore, the circuit court appropriately found that the OGPA, with its venue and jurisdiction provisions, governs petitioner's claims.

To the extent this case also implicates the mootness doctrine, we need not address this

(continued . . . )

2

Petitioner also maintains that the APA applies to the claims presented herein, and, pursuant to the APA, petitioner may maintain this suit in Kanawha County. We disagree. Senate Bill 653 and House Bill 4723 are proposed legislation and are not "rules" as defined by the APA, a fact conceded by petitioner.[5] Accordingly, the APA does not apply to this matter.

Petitioner also argues that respondents' actions implicate constitutional issues.[6] To that end, the court determined that "[w]hen the [L]egislature has authority, the reasons by which it is influenced in exercising such power cannot be inquired into by the court. If the Legislature has the power it has wide latitude in determining the need for its exercise and the extent thereof." We agree, and note that the West Virginia Constitution does not restrict the Legislature from enacting, amending or declining legislation, regardless of who drafts the legislation.[7] Accordingly, we refuse to disturb this ruling on appeal.

---

issue. As we previously found, the Circuit Court of Kanawha County lacked jurisdiction to consider this lawsuit.

[5] West Virginia Code § 29A-1-2(j) provides:

> "Rule" includes every rule, standard or statement of policy or interpretation of general application and future effect, including the amendment or repeal of the rule, affecting constitutional, statutory or common law rights, privileges or interests, or the procedures available to the public, adopted by an agency to implement, extend, apply, interpret or make specific the law enforced or administered by it or to govern its organization or procedure, but does not include rules relating solely to the internal management of the agency, nor rules of which notice is customarily given to the public by markers or signs, nor mere instructions. Every rule shall be classified as "legislative rule", "interpretive rule" or "procedural rule", all as defined in this section, and is effective only as provided in this chapter.

Petitioner maintains that the private drafting of these bills by respondents without legislative authority constitutes an illegal and unconstitutional circumvention of proper statute-controlled rule-making process and requirements of Chapter 29A. Inasmuch as the bills are not "rules" as defined by the APA, this argument is unavailing.

[6] Petitioner maintained that respondents' actions violated the separation of powers doctrine; violated the guarantees of due process of law; denied West Virginians equal protection under the laws; and denied rights reserved to the people.

[7] Additionally, petitioner argues that the Legislature's consideration of these bills violates both his and the public's due process rights. This Court is unaware of any constitutional limitation regarding matters that may be considered by the Legislature. Accordingly, this argument fails.

3

For the foregoing reasons, we affirm the circuit court's March 10, 2022, order.[8]

Affirmed.

**ISSUED:** June 13, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[8] Petitioner's brief purports to raise two certified questions. However, these questions are not properly certified pursuant to Rule 17 of the West Virginia Rules of Appellate Procedure. Therefore, we refuse to consider them.