`STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

*In re* **N.L.**

**No. 23-138** (Fayette County CC-10-2020-JA-131)

# MEMORANDUM DECISION

Petitioner Mother C.O.[1] appeals the Circuit Court of Fayette County's February 10, 2023, order terminating her parental and custodial rights to R.L., arguing that it was error to deny her an improvement period and to terminate her rights upon a motion to modify the prior dispositional order.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In September 2020, the DHS filed a petition alleging that the petitioner and the father abused and neglected the child, who was born drug affected, and previously voluntarily relinquished their parental rights to three older children. After she was adjudicated in regard to the current child, the petitioner completed a post-adjudicatory improvement period. The child was returned to the parents' custody with ongoing DHS services, and the proceedings were dismissed from the court's active docket by order entered in December 2021.

In April 2022, the DHS filed a motion to modify disposition[3] in which it alleged, in addition to the petitioner's lengthy history of Child Protective Services and court involvement, that the petitioner was involved in a single-vehicle accident with the child in her car. According to the DHS, law enforcement observed her to be confused and disoriented at the scene of the accident,

---

[1] The petitioner appears by counsel Nancy S. Fraley. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Deputy Attorney General Steven R. Compton. Counsel Vickie L. Hylton appears as the child's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3] The DHS later filed an amended motion to modify in which it made additional allegations against the father.

though she did not complain of a head injury. The DHS alleged that the petitioner's "drug screens at the hospital showed [she] was positive for amphetamines, benzodiazepine, opiates, and ecstasy in her blood." The petitioner was charged criminally with gross neglect of a child creating a substantial risk of death or serious bodily injury and DUI. A separate bench warrant was issued for an unresolved prior charge of felony child abuse regarding battery on a child to whom she had previously relinquished her parental rights. Accordingly, the DHS alleged that the petitioner had not resolved her substance abuse issues and could not care for the child. The court held a hearing on the motion to modify that same month and ultimately set the matter for disposition.

In June 2022, a report indicated that the child displayed regression in eating and speech, showed signs of aggression that she had not displayed before being returned to the parents, and was behind on her immunizations. Because the child had been out of the home for more than fifteen of the most recent twenty-two months, and because the child had an "extreme bond" with the foster family, the DHS sought termination of the petitioner's rights. The petitioner then filed a motion for a post-dispositional improvement period in which she sought to participate in family drug treatment court ("FTC").

On August 19, 2022, the court held the first of three dispositional hearings. The court heard testimony from a law enforcement officer regarding the petitioner's car accident. He explained that "[t]he car was 30 feet over a hill, into the creek, on its roof." He also testified that the petitioner "was positive for benzodiazepine, PCP, opiates, and amphetamines at the hospital." The petitioner testified and admitted that she failed to participate in the services ordered when the case was previously dismissed. The petitioner also admitted her failure to keep the child's immunizations current and continue with Birth to Three services; to using multiple drugs approximately two or three days prior to the car accident in question; and to her positive urine screen at the hospital after her arrest, but, according to the court, she "trie[d] to place the blame for these [drugs] being in her system on the ambulance crew."

On October 6, 2022, the court held a second dispositional hearing, during which DHS employees testified to the nature of the services offered to the petitioner and her failure to remain in contact with the DHS, in addition to advocating for the termination of her rights due to the applicable time limitations on improvement periods. At the final dispositional hearing on December 16, 2022, the court heard from the petitioner's mother concerning issues of the petitioner's substance abuse and other aspects of the child's care. The court then ordered the parties to submit proposed findings of fact and conclusions of law.

Ultimately, the court found that the petitioner subjected the child to chronic abuse in the form of substance abuse, as her drug problem had been ongoing for more than two years of the child's life. Further, the court concluded that the petitioner only acknowledged her drug problem "when [she] get[s] caught." The court highlighted the petitioner's medical neglect of the child upon her return to the petitioner's care as a basis for termination. Critically, the court stressed that the child's regression occurred in a short period of time while the petitioner was still receiving services. Finding that there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination was necessary

for the child's welfare, the court terminated the petitioner's parental and custodial rights.[4] It is from the dispositional order that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner first argues that the DHS should not have been permitted to seek termination of her parental rights upon a motion to modify the prior dispositional order. We find, however, that the plain language of West Virginia Code § 49-4-606(a) explicitly grants the circuit court the ability to modify a prior dispositional order upon a motion from the DHS and upon clear and convincing evidence of "a material change of circumstances and that the modification is in the child's best interests." As we have explained, "'[a] statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect.' Syl. Pt. 2, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951)." Syl. Pt. 6, *State ex rel. Biafore v. Tomblin*, 236 W. Va. 528, 782 S.E.2d 223 (2016). Here, the court was presented with ample evidence of a substantial change in circumstances in the form of the petitioner's escalating abusive and neglectful conduct, including ongoing substance abuse and a car accident with the child in the vehicle. Further, the evidence clearly established that modification was in the child's best interests, given that the child's health regressed in the short period she was returned to the petitioner's care. Accordingly, the statutory requirements for modification were met, and the court was free to impose the appropriate disposition in accordance with West Virginia Code § 49-4-604, the statute governing disposition.

As to disposition, the petitioner argues that an improvement period would have been more appropriate than termination of her rights because she could have participated in FTC, an option that was not available to her prior to the first disposition. However, she also recognizes that the child had already been in foster care for more than fifteen of the most recent twenty-two months. According to West Virginia Code § 49-4-610(9),

> no combination of any improvement periods or extensions thereto may cause a child to be in foster care more than fifteen months of the most recent twenty-two months, unless the court finds compelling circumstances by clear and convincing evidence that it is in the child's best interests to extend the time limits contained in this paragraph.

The mere fact that the petitioner was presented with a rehabilitative tool that was previously unavailable is insufficient to demonstrate that extending these time limits was in the child's best interests.

Further, an improvement period was not appropriate because the petitioner refused to acknowledge her abuse and neglect of the child. While the petitioner points to certain evidence to assert that she did, in fact, acknowledge the conditions constituting abuse and neglect, the entirety

---

[4] The father's rights were also terminated. The permanency plan for the child is adoption in the current placement.

of the record supports the circuit court's conclusion that the petitioner only admitted to her parenting deficiencies after being "caught." As we have explained,

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Because of the petitioner's refusal to acknowledge the existence of a problem, denial of an improvement period and termination of her parental and custodial rights was appropriate. *See also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental and custodial rights upon a finding that there is no reasonable likelihood that conditions can be substantially corrected).

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 10, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: May 13, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice William R. Wooton

**DISSENTING:**

Justice John A. Hutchison
Justice C. Haley Bunn

Hutchison, Justice, and Bunn, Justice, dissenting:

We dissent to the majority's resolution of this case. We would have set this case for oral argument to thoroughly address the errors alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, we believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, we respectfully dissent.