584 S.E.2d 240

**Robert MCCLUNG, Plaintiff Below, Appellant,**

v.

**THE BOARD OF EDUCATION OF THE COUNTY OF NICHOLAS, Defendant Below, Appellee.**

No. 31032.

Supreme Court of Appeals of West Virginia.

Submitted May 20, 2003.

Decided July 3, 2003.

John Everett Roush, Esq., West Virginia School Service, Personnel Association, Charleston, for Appellant.

Erwin L. Conrad, Esq., Fayetteville, for Appellee.

PER CURIAM.

This is an appeal from a final order of the Circuit Court of Kanawha County, West Virginia, entered December 18, 2001. In this case, Appellant Robert McClung ("Appellant"), a regular, full-time school bus operator employed by the appellee, The Board of Education of the County of Nicholas ("School Board"), contends he was entitled to a school bus operator position for the summer of 1999, but that the position was improperly awarded to a substitute school bus operator. The circuit court affirmed the Decision of the West Virginia Education and State Employees Grievance Board ("Grievance Board"), which concluded the substitute school bus operator was properly awarded the summer position under *W.Va.Code* § 18–5–39, because he had held the same position during the previous summer.

This Court has before it the petition for appeal, all matters of record, and the briefs and arguments of counsel. For the reasons discussed herein, the order of the circuit court is hereby reversed and this case is remanded, with directions.

## I.

### FACTS

The relevant facts of this case are, for the most part, not in dispute. Appellant is a regularly employed school bus operator who began his employment with the School Board in the 1976–77 school year. John O'Dell began working for the School Board as a school bus operator during the 1972–73 school year. Mr. O'Dell retired from regular, full-time employment at the end of the 1997–98 school year; the effective date of his voluntary resignation was August 30, 1998. At the June 8, 1998 School Board meeting at which Mr. O'Dell's resignation was accepted, the School Board also employed Mr. O'Dell as a *substitute* school bus operator for the upcoming 1998–99 school year.

When four school bus operator positions became available for the summer of 1999, the positions were posted and Appellant and Mr. O'Dell, both of whom were qualified, applied. The School Board awarded one of the positions to Mr. O'Dell,[1] pursuant to *W.Va.Code* § 18–5–39, because he was employed in the position during the previous summer.[2] *W.Va.Code* § 18–5–39 affords "[a]n employee who was employed in any service personnel job or position during the previous summer shall have the option of retaining the job or position if the job or position exists during any succeeding summer." *Id.*, in pertinent part. On the other hand, the parties agree that if the School Board had awarded the position on the basis of seniority, under *W.Va.Code* § 18A–4–8b [3], it would have been awarded to Appellant, a regular full-time employee, rather than to Mr. O'Dell, a substitute employee.

Appellant filed the instant grievance on June 25, 1999, which was denied at Level I on or about June 30, 1999. A Level II hearing was conducted on July 23, 1999, and thereafter, by Decision entered September 3, 1999, Appellant's grievance was again denied. The School Board waived participation in the grievance at Level III, and the appeal proceeded directly to Level IV. *See W.Va.Code* § 18–29–4. A Level IV hearing was held on October 27, 1999, before the Grievance Board. In a Decision entered December 17, 1999, the Grievance Board concluded that, under *W.Va.Code* § 18–5–39, Mr. O'Dell was entitled to the school bus driver position for the summer of 1999 based upon his employment in that position during the previous summer. By Order entered December 18, 2001, the Circuit Court of Kanawha County affirmed the Grievance Board's Decision. It is from this Order that Appellant now appeals.

## II.

### STANDARD OF REVIEW

It is well settled that "[a] final order of the hearing examiner for the West Virginia Education and State Employees Grievance Board, made pursuant to *W.Va. Code* 29–6A–1, *et seq.* [1988], and based upon findings of fact, should not be reversed unless clearly wrong." Syllabus, *Quinn v. W.Va. Northern Community College*, 197 W.Va. 313, 475 S.E.2d 405 (1996). Further-

---

1. Appellant does not challenge the School Board's hiring decisions with regard to the remaining three summer school bus operator positions.

2. In fact, according to the record in this case, Mr. O'Dell was employed as a school bus operator during the previous three summers.

3. *W.Va.Code* § 18A–4–8b(b), provides, in relevant part:

    Applicants shall be considered in the following order:
    (1) Regularly employed service personnel;

(2) Service personnel whose employment has been discontinued in accordance with this section;
(3) Professional personnel who held temporary service personnel jobs or positions prior to the ninth day of June, one thousand nine hundred eighty-two, and who apply only for such temporary jobs or positions;
(4) Substitute service personnel; and
(5) New service personnel.

more, "[a]lthough we accord great deference to the findings of fact of the West Virginia Educational Employees Grievance Board,[4] we review, *de novo*, questions of law." Syl. pt. 2, *Maikotter v. Univ. of W.Va. Bd. of Trustees*, 206 W.Va. 691, 527 S.E.2d 802 (1999) (footnote added). It is with these legal principles in mind that we consider the instant appeal.

## III.

## DISCUSSION

At issue in this appeal is whether the school bus operator position for the summer of 1999 was properly awarded to Mr. O'Dell under *W.Va.Code* § 18-5-39. *W.Va.Code* § 18-5-39, "[e]stablishment of summer school programs; tuition[,]" provides, in relevant part:

> Notwithstanding any other provisions of the code to the contrary, the county board is authorized to employ school service personnel to perform any related duties outside the regular school term as defined in ... [§ 18A-4-8] .... An employee who was employed in any service personnel job or position during the previous summer shall have the option of retaining the job or position if the job or position exists during any succeeding summer.

As indicated above, Mr. O'Dell was employed as a school bus operator during the summer of 1998, during which time he was a regular, full-time School Board employee. However, before Appellant and Mr. O'Dell applied for that same position for the summer of 1999, Mr. O'Dell had retired from regular, full-time employment, and had become employed by the School Board on a substitute basis.

■ In *Hazelwood v. Mercer County Bd. of Educ.*, 200 W.Va. 205, 488 S.E.2d 480 (1997), this Court determined that a school service employee who voluntarily resigns his or her employment does not retain any of the seniority rights accumulated during his or her employment period.[5] *See W.Va.Code* § 18A-4-8g(a) ("Seniority accumulation for a regular school service employee ... continues until the employee's employment as a regular employee is severed with the county board....").  Consequently, the former service employee's subsequent re-employment by a county board does not operate to resurrect or revive the seniority credit accumulated during the service employee's previous period of employment. *Hazelwood, supra*.

■ In the instant case, when Mr. O'Dell retired from employment as a regular, full-time school bus operator, he did not retain any of the seniority rights he accumulated in that position. Furthermore, upon his re-employment by the School Board as a substitute school bus operator, the seniority rights he accumulated before his retirement were not resurrected, *id.*, but began accumulating anew for purposes of his substitute employment. *See W.Va.Code* § 18A-4-8g(h) ("Seniority acquired as a substitute and as a regular employee shall be calculated separately and shall not be combined for any purpose....")

We emphasize that the facts before us are unique; our determination that Mr. O'Dell is not entitled to the summer position in this case is driven by the nature of the change in his employment status—from regular em-

---

**4.** The West Virginia Education Employees Grievance Board has been renamed the Education and State Employees Grievance Board. *See W.Va. Code* § 29-6A-5(a) (1998).

**5.** This Court's decision in *Hazelwood* followed its holding in *Triggs v. Berkeley County Bd. of Educ.*, 188 W.Va. 435, 425 S.E.2d 111 (1992), which concluded that, under *W.Va.Code* § 18A-4-8b(a), a professional employee of a board of education who voluntarily resigns or retires and who is subsequently reemployed by the same board of education loses his or her seniority. *Id.*, at syl. pt. 3. Importantly, after *Triggs* was decided, the Legislature "promulgated *W.Va.Code*, 18A-4-7b

[1993], which provides for the retention of seniority rights by a professional school employee who voluntarily terminates his or her employment." *Hazelwood*, 200 W.Va. at 208, 488 S.E.2d at 483. However, as we noted in *Hazelwood*, the Legislature elected not to promulgate a comparable provision with respect to school service personnel. *Id.* Thus, a service employee who voluntarily resigns or retires from a board of education and is subsequently reemployed by the same board of education does not retain the seniority from his or her previous employment. *Id.*, 200 W.Va. at 209, 488 S.E.2d at 484; *W.Va. Code* § 18A-4-8b.

ployee, to retiree, to substitute. Mr. O'Dell's previous summer employment as a school bus operator, *for purposes of awarding the summer position at issue,* was a "seniority credit," which was lost upon his retirement from the School Board in August 1998, and which was not resurrected when he became re-employed by the School Board on a substitute basis. It was, therefore, improper for the School Board to apply that "seniority credit" towards the 1999 summer school bus operator position and, thus, to award him the position.

Under these unique set of facts, the school bus operator position for the summer of 1999 should have been awarded to Appellant, rather than to Mr. O'Dell, on the basis of seniority. *See W.Va.Code* § 18A–4–8b. Accordingly, we reverse the December 18, 2001 order of the Circuit Court of Kanawha County, and remand this case to the circuit court for the purpose of awarding the Appellant back pay and other relevant benefits.

## IV.

## CONCLUSION

For the reasons stated herein, the final order of the Circuit Court of Kanawha County entered on December 18, 2001, is reversed, and this case is remanded to that court for the entry of an order awarding Appellant back pay for the applicable employment period and other relevant benefits.

Reversed and remanded with directions.

DAVIS, J., dissenting.

In this proceeding, the Nicholas County School Board awarded a school bus driver position for the summer of 1999 to John O'Dell, a substitute bus driver. This decision was challenged by Robert McClung, a regular, full-time school bus driver. Although this decision was upheld at both the administrative and circuit court levels, the majority opinion, through tortured reasoning, has reversed the decision and ruled that the job

should have been awarded to Mr. McClung. For the reasons set out below, I dissent.

## THE ISSUE OF SENIORITY WAS NOT RELEVANT IN THIS CASE

The majority opinion reversed the decision of the lower tribunals upon finding that it was "improper for the School Board to apply ... 'seniority credit' towards the 1999 summer school bus operator position and, thus, to award [Mr. O'Dell] the position." This finding was not supported by the record. The record is clear. The School Board did not consider seniority in this case. Seniority was not relevant.

As a general matter, the use of seniority by a school board to fill a position is not always necessary nor mandatory. Our cases have recognized that it is "[o]nly when all other factors are equal should a board of education look to seniority." *Board of Educ. of County of Wood v. Enoch,* 186 W.Va. 712, 716, 414 S.E.2d 630, 634 (1992). Here, the School Board did not use seniority in awarding Mr. O'Dell the summer bus operator position. Instead, the School Board relied exclusively upon the applicable provision in W. Va.Code § 18–5–39 (1996) (Repl.Vol. 1999). This statute provides that "[a]n employee who was employed in any service personnel job or position during the immediate previous summer shall have the option of retaining such job or position if such exists during any succeeding summer." [1] *Id.* This provision is without ambiguity. It clearly *does not* require filling a summer position based upon seniority, when an applicant has held the same position in the previous summer. As Justice Cleckley observed in *Adkins v. Gatson,* 192 W.Va. 561, 453 S.E.2d 395 (1994), under this provision "the legislature intended to give service employees of educational institutions the right to a continuing employment contract ... if the same job position were still in existence the following summer." *Adkins,* 192 W.Va. at 567, 453 S.E.2d at 401. [2]

---

1. The statute was amended in 2000 and the quoted language now appears in W. Va.Code § 18–5–39(f) (2000) (Supp.2003).

2. The majority opinion failed to acknowledge that summer employment for service personnel is not considered full school term employment. *See* W. Va.Code § 18–5–39 (1996) (Repl.Vol. 1999) (indicating that summer programs are

In addition to addressing the issue of employing service personnel during the summer, W. Va.Code § 18–5–39 also provides for employing *professional* personnel during the summer. The provision for professional personnel requires seniority to be a factor in filling a summer position. Specifically, the statute states that "the board shall fill professional positions established pursuant to the provisions of this section on the basis of certification and *length of time the professional has been employed in the county's summer school program.*" W. Va.Code § 18–5–39 (emphasis added).

The majority opinion contended that because Mr. O'Dell was a full-time employee when he worked during the summer of 1998, the only way that he could fill the 1999 vacancy as a substitute employee was through the seniority rights he accumulated before he retired as a regular employee. No language in the service personnel provision of W. Va.Code § 18–5–39 supports such reasoning. The effect of the majority opinion in this case is that of engrafting the seniority requirement for summer *professional* personnel into the provision addressing employment of summer *service* personnel. There is

no legal justification for such a decision. The two provisions are mutually exclusive.

Under the service personnel provision of W. Va.Code § 18–5–39, in order for the School Board to award Mr. O'Dell the summer bus operator position it had to find that Mr. O'Dell (1) was an employee of the School Board and (2) that he worked in the vacant position during the previous summer. Mr. O'Dell met both requirements.

There is no dispute that at the time Mr. O'Dell sought the 1999 summer position he was employed by the School Board. Further, the record is uncontested. Mr. O'Dell worked as a summer bus operator for the School Board in 1998. The fact that Mr. O'Dell retired as a full-time employee was not relevant. His full-time employee seniority rights were simply not a prerequisite for the summer position.[3]

In view of the foregoing, I respectfully dissent.

"separate and apart from the full school term as established by each county."). In order to fill a vacancy for a full school term service personnel position, school boards must do so "on the basis of seniority, qualifications and evaluation of past service." W. Va.Code § 18A–4–8b(a) (2002) (Supp.2003). These requirements do not extend to summer employment.

3. Seniority is determined by length of service. *See* W. Va.Code § 18A–4–8b(i) (2002) (Supp.

2003) ("The seniority of any service personnel shall be determined on the basis of the length of time the employee has been employed by the county board within a particular job classification."). The service personnel provision of W. Va.Code § 18–5–39 is not concerned with the "length" of prior summer employment; it is concerned with the mere "existence" of prior summer employment.