## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**James W. Eisentrout,**
**Petitioner Below, Petitioner**

**FILED**

**June 28, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 12-1464** (Kanawha County 10-AA-77)

**Preston County Board of Education and**
**West Virginia Department of Education,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner James Eisentrout, by counsel John E. Roush, appeals the Circuit Court of Kanawha County's order entered on October 28, 2012, upholding the decision of the West Virginia Grievance Board to deny the petitioner's grievance. The respondents, the Preston County Board of Education and the West Virginia Department of Education, by counsel Gregory W. Bailey, Howard E. Seufer, Jr., and Katherine A. Campbell, have filed a response to the present appeal.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

This appeal arises out of a grievance filed by the petitioner in response to not being selected for a summer bus driving position. The assignment in question was posted on May 11, 2009, and was identified as "1 Bus Operator for the PHS Summer/Athletic Band Program(s) Shuttle Run on an as/if needed basis, at a daily rate of pay: Bruceton area." The successful applicant, Kevin Durr, performed a similar summer bus assignment in 2008 designated as "Bus Operator for the PHS Summer/Athletic Band Program(s) Shuttle Run on an as/if needed basis, at a daily rate of pay: Newburg/Masontown area." The petitioner did not perform any bus operator assignments in the summer of 2008, or in any other previous summer. The assignment in question was performed by William Eye in 2008, who retired prior to the summer of 2009. Both Mr. Durr and the petitioner applied for the 2009 position, and the petitioner had more overall seniority. However, Mr. Durr was awarded the position based upon his prior summer service – what the parties refer to as his "summer seniority credit."

The petitioner initiated a Level I grievance on July 8, 2009, arguing that he should have been awarded the position based on his overall level of seniority, and that the respondents did not follow the correct hiring process. After being unsuccessful at level I, the petitioner appealed to level II, and then to an administrative law judge at level III, being unsuccessful at each level. The administrative law judge noted that, although the exact location and exact nature of the work

1

of the 2009 job was "somewhat different," there was sufficient "consistency in the type of work being performed" to honor Mr. Durr's prior summer service over the petitioner's regular seniority. By decision entered on October 28, 2012, the Circuit Court of Kanawha County affirmed the decision of the administrative law judge. From this order the petitioner brings the current appeal.

This Court has stated:

> "Grievance rulings involve a combination of both deferential and plenary review. Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and application of law to the facts, which are reviewed de novo." Syllabus point 1, *Cahill v. Mercer County Board of Education,* 208 W.Va. 177, 539 S.E.2d 437 (2000).

Syllabus Point 1, *Alderman v. Pocahontas Cnty. Bd. of Educ.*, 223 W. Va. 431, 675 S.E.2d 907 (2009). The present appeal offers no disputed facts. We therefore give plenary review to the issue of law presented.

The current appeal hinges on statutory interpretation. West Virginia Code § 18-5-39(f) [2000] provides in part:

> . . . the county board may employ school service personnel to perform any related duties outside the regular school term. . . . An employee who was employed in any service personnel job or position during the previous summer shall have the option of retaining the job or position if the job or position exists during any succeeding summer. If the employee is unavailable or if the position is newly created, the position shall be filled pursuant to section eight-b, article four, chapter eighteen-a of this code [§ 18A-4-8b].

W.Va. Code § 18-5-39(f).

The petitioner argues that the hiring process for the 2009 summer posting should have been done pursuant to West Virginia Code § 18A-4-8b, and argues that if it had, then he would have been awarded the job due to his overall level of seniority. The petitioner is asking this court to interpret the phrase "employee is unavailable" to include a retired employee, so that West Virginia Code § 18A-4-8b is triggered.

We have stated:

> "A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. Pt. 2, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951).

2

Syllabus Point 2, *University Commons Riverside Home Owners Ass'n, Inc. v. University Commons*, 741 S.E.2d 613 (W.Va. 2013).

West Virginia Code § 18-5-39(f) unambiguously and plainly states that a school employee who was employed in a position during the previous summer shall have the option of retaining the job during any succeeding summer. This Court has previously interpreted West Virginia Code § 18-5-39 to create a "summer seniority credit" for those school service personnel who hold a summer position. *See McClung v. The Bd. of Educ. of The County of Nicholas*, 213 W.Va. 606, 610, 584 S.E.2d 240, 244 (2003) (interpreting W.Va. Code §§ 18-5-39 and saying, "Mr. O'Dell's previous summer employment [in 1998] as a school bus operator, *for purposes of awarding the summer position at issue,* was a 'seniority credit,' . . . towards the 1999 summer school bus operator position[.]")

It is not disputed in the present case that the successful candidate (Mr. Durr) had a summer seniority credit for working the previous summer, while the petitioner had none. Accordingly, if the position did not need to be filled pursuant to West Virginia Code §18A-4-8b, the petitioner would not be entitled to the job as the successful candidate had summer seniority from his work the prior summer.

The petitioner's argument, that West Virginia Code § 18-5-39 requires the respondent to hire the summer driver pursuant to the requirements set forth in West Virginia Code §18A-4-8b, does not persuade this Court. The petitioner may have been entitled to the position if it was filled pursuant to West Virginia Code §18A-4-8b, however, filling the position in that manner is only required if the position is newly created, or if the employee who held the position the previous summer is an unavailable employee. Mr. Eye, who held the position in the Summer of 2008, was unavailable for employment during the Summer of 2009. However, the statute says, "[i]f the *employee* is unavailable. . . ." W.Va. Code § 18-5-39 (emphasis added). Mr. Eye was not an unavailable *employee,* he is a retiree of the respondent. Since the previous employee was not an unavailable employee, and the position was not newly created, the respondent did not need to fill the position in accordance with West Virginia Code § 18A-4-8b.

For the foregoing reasons we affirm.

Affirmed

**ISSUED:** June 28, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISQUALIFIED:**
Justice Margaret L. Workman

3