624 S.E.2d 487

**Delmus BURGE, Plaintiff Below, Appellee,**

v.

**Kenneth FORTNEY and the Equitable Life Assurance Society, Defendants Below,**

**Kenneth Fortney, Appellant.**

**No. 32522.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 7, 2005.

Decided Nov. 17, 2005.

Concurring Opinion of Justice Starcher Dec. 15, 2005.

---

Kenneth Fortney, Shinnston, West Virginia, Pro Se.

Thomas K. Fast, Fast Law Office, Fayetteville, West Virginia, Attorney for the Appellee, Delmus Burge.

DAVIS, Justice:

The appellant herein and defendant below, Kenneth Fortney [hereinafter referred to as "Mr. Fortney"], appeals from an order entered September 8, 2003, by the Circuit Court of Marion County. By that order, the court determined that W. Va.Code § 38–8–1 (1999) (Supp.1999) did not prevent the appellee herein and plaintiff below, Delmus Burge [hereinafter referred to as "Mr. Burge"], from executing and suggesting upon Mr. Fortney's individual retirement account [hereinafter referred to as "IRA"] funds held by The Equitable Life Assurance Society [hereinafter referred to as "The Equitable"] in order to satisfy the judgment he earlier had obtained against Mr. Fortney. On appeal to this Court, Mr. Fortney contends that the circuit court incorrectly allowed his IRA funds to be subjected to Mr. Burge's writ of execution and suggestion. Upon a review of the parties' arguments, the record designated for appellate consideration, and the pertinent authorities, we affirm the decision of the Circuit Court of Marion County.

## I.

## FACTUAL AND PROCEDURAL HISTORY

The facts underlying the instant proceeding originated with a construction contract that Mr. Fortney, in his business capacity as the owner of Franklin Construction Company, entered into with Timothy and Terry Underwood [hereinafter referred to as "Mr. and Mrs. Underwood" or "the Underwoods"] in May 2000, to remodel their home. After contracting with the Underwoods, Mr. Fortney subcontracted the work to Mr. Burge. Having completed a portion of the work, Mr. Burge complained to Mr. Fortney that he had not been paid the approximately

$7,000.00 for the materials and labor he had expended on the job. Mr. Fortney led him to believe that the reason he had not paid Mr. Burge was because the Underwoods had not yet paid him. Ultimately, Mr. Burge stopped work on the Underwoods' home when he discovered that Mr. Fortney's son, Kevin Fortney, who also worked for Franklin Construction Company, had, in fact, received payment from Mrs. Underwood in an amount sufficient to cover Mr. Burge's expenses.

Thereafter, in November 2000, Mr. Burge filed a civil action against Mr. Fortney and Mr. Fortney's son, Kevin, in the Circuit Court of Marion County alleging breach of contract, unjust enrichment/quantum meruit, and fraud. After numerous failures to comply with discovery requests, the circuit court, by order entered August 22, 2001, granted default judgment in favor of Mr. Burge, finding, in addition to numerous discovery violations, that

1. The defendants [Mr. Fortney and Kevin] breached a contract with the plaintiff [Mr. Burge] by failing to pay for labor and materials supplied by the plaintiff;

2. The defendants have been unjustly enriched by the plaintiff; and,

3. The defendants fraudulently induced the plaintiff into continuing to supply labor and services with no intention of paying the plaintiff and, such actions were done with deliberate intent to hinder, defraud and delay full payment and in reckless, willful, intentional and wanton disregard to the plaintiff's rights.

On the day after the circuit court entered judgment for Mr. Burge, and on the same day that the circuit court was conducting the damages portion of Mr. Burge's civil case, Mr. Fortney filed a petition for Chapter 7 bankruptcy.[1] By order entered October 7, 2001, the bankruptcy court lifted the automatic stay of actions against Mr. Fortney to permit the circuit court to continue its determination of Mr. Burge's damages caused by Mr. Fortney's misconduct. By order entered October 12, 2001, the circuit court entered judgment in favor of Mr. Burge and against Kevin, in light of Mr. Fortney's pending

---

1. Chapter 7 bankruptcy allows the debtor to liquidate, rather than reorganize, his/her debts.

*See generally* 11 U.S.C. § 701, *et seq.*

bankruptcy action, awarding damages to Mr. Burge in the total amount of $31,855.51.[2] By agreed order of February 6, 2002, said judgment was additionally entered jointly and severally against Mr. Fortney.

Thereafter, Mr. Burge unsuccessfully tried to satisfy his judgment against Mr. Fortney, but discovered he had no available assets. At approximately the same time, Mr. Fortney attempted to discharge his judgment debt to Mr. Burge in his aforementioned bankruptcy proceeding. In response to this attempted discharge, Mr. Burge filed an adversary proceeding objecting to Mr. Fortney's attempted discharge of this obligation. By orders entered October 28 and 29, 2002, the bankruptcy court determined that "the debt due and owing to Delmus V. Burge by the Debtor/Defendant [Mr. Fortney] is deemed **NONDISCHARGEABLE.**" (Emphasis in original).

Ultimately, Mr. Burge learned that Mr. Fortney had an IRA account[3] with The Equitable, containing approximately $64,000.00, and attempted to satisfy his judgment with those funds through a Writ of Suggestion[4] and Execution filed on January 6, 2003. Mr. Fortney objected, claiming that such monies were deemed exempt by W. Va.Code § 38–8–1 (1999) (Supp.1999), which provides, in pertinent part, that

[a]ny husband, wife, parent or other head of a household residing in this state, or the infant children of deceased parents, may set apart and hold personal property not exceeding one thousand dollars in value to be exempt from execution or other process, except as hereinafter provided. . . . *Provided, however, That funds on deposit in an individual retirement account (IRA)* including a simplified employee pension (SEP) *in the name of the defendant are exempt from attachment:* Provided further, That such amount shall be exempt only to the extent it is not or has not been subject to an excise or other tax on excess contributions under section 4973 [26 U.S.C. § 4973] and/or section 4979 [26 U.S.C. § 4979] of the Internal Revenue Code of 1986, or any successor provisions, regardless of whether such tax is or has been paid.

(Emphasis added). Ruling upon this matter, the circuit court, by order entered September 8, 2003, determined that Mr. Fortney's IRA funds were not exempt from suggestion and execution and that Mr. Burge was entitled to such monies in satisfaction of his judgment against Mr. Fortney. In so ruling, the circuit court determined that

[t]he Court finds as a matter of law that 38–8–1 does not exempt the suggested

2. Specifically, the circuit court found Mr. Burge to be entitled to damages as follows:

Under the fraud, quantum meruit and breech [sic] of contract counts of the plaintiff's [Mr. Burge's] complaint, the plaintiff is entitled to a combined recovery of Seven Thousand Thirty–One Dollars and Seventy–Three Cents ($7,031.73) as special compensatory damages. Further, under the fraud count of the plaintiff's complaint, the plaintiff is entitled to further compensatory damages, being Seven Hundred Twenty Dollars and Fifty Cents ($720.50) in prejudgment interest, which is based upon Seven Thousand Thirty–One Dollars and Seventy–Three Cents ($7,031.73), labor and materials;

Two Hundred Forty–Six Dollars and One Cent ($246.01) interest incurred by the plaintiff on credit accounts for materials purchased;

Three Hundred Fifty–Seven Dollars and Twenty–Seven Cents ($357.27) in penalties and interest the plaintiff incurred from the Internal Revenue Service;

Two Thousand Five Hundred ($2,500.00) Dollars for lost work time;

One Thousand ($1,000.00) Dollars for annoyance and inconvenience;

Ten Thousand ($10,000.00) Dollars in punitive damages; and,

Ten Thousand ($10,000.00) Dollars in attorney fees and costs.

The total judgment amounts to Thirty–One Thousand Eight Hundred Fifty–Five Dollars and Fifty–One Cents ($31,855.51), which shall accrue postjudgment interest at ten (10%) percent per annum from the date of entry of this order until paid in full.

3. An IRA or "individual retirement account" is "a trust created or organized in the United States for the exclusive benefit of an individual or his beneficiaries" and governed by various federal rules and regulations. 26 U.S.C. § 408(a) (Supp. II 2002).

4. The procedure for suggesting upon a judgment is described in W. Va.Code § 38–5–10 (1995) (Repl.Vol.1997). *See also* Syl. pt. 2, in part, *Park v. McCauley*, 67 W.Va. 104, 67 S.E. 174 (1910) ("A suggestion and summons to answer it . . . do not create a lien, but are only means of enforcing an execution lien already existing.").

funds from execution and suggestion. The Court finds as a matter of law that the legislature chose to exempt such funds only from "attachment". "Attachment" has as its commonly accepted usage the meaning of a judicial process of seizing and holding one's property prior to a plaintiff obtaining judgment and, therefore, does not apply to this matter. The Court finds as a matter of law that the plaintiff is not seeking to attach the defendant's personal property but, is seeking to obtain such funds by way of postjudgment execution and suggestion. The statute is not ambiguous and, therefore, not subject to any form of interpretative construction.

ACCORDINGLY, it is the **ORDER** and **JUDGMENT** of this Court that the **funds** held by the suggestee, The Equitable Life Assurance Society, belonging to Kenneth Fortney, judgment debtor, are **not subject to exemption** pursuant to the plaintiff's Writ of Execution and Suggestion.

(Emphasis in original). From this adverse ruling, Mr. Fortney now appeals to this Court.

## II.

## STANDARD OF REVIEW

 At issue in this appeal is whether the circuit court correctly interpreted and applied the provisions of W. Va.Code § 38–8–1 to the facts of this case. When reviewing a final order entered by a circuit court, we apply a multifaceted standard of review:

> [i]n reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. pt. 2, *Walker v. West Virginia Ethics Comm'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

 More specifically, we accord plenary review to questions of law and statutory interpretations decided by a lower court.

**5.** The West Virginia Legislature amended W. Va. Code § 38–8–1 following the events at issue here-

"Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a de novo standard of review." Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). *Accord* Syl. pt. 1, *Appalachian Power Co. v. State Tax Dep't of West Virginia*, 195 W.Va. 573, 466 S.E.2d 424 (1995) ("Interpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review.").

Mindful of these standards, we proceed to consider the parties' arguments.

## III.

## DISCUSSION

In the instant proceeding, the sole issue presented for resolution by this Court is whether Mr. Burge may satisfy his judgment against Mr. Fortney by suggesting upon Mr. Fortney's IRA funds. During the proceedings below, the circuit court found that the pertinent statute, W. Va.Code § 38–8–1, permits Mr. Burge to suggest upon such funds. On appeal to this Court, Mr. Fortney argues that the circuit court erred by finding that W. Va.Code § 38–8–1 permits Mr. Burge to suggest and execute upon his IRA funds in satisfaction of Mr. Burge's judgment against him because there is no discernible difference between an attachment and a suggestion. By contrast, Mr. Burge contends that the circuit court correctly ruled in his favor and allowed him to suggest upon Mr. Fortney's IRA monies in satisfaction of his judgement against him insofar as the applicable version[5] of W. Va.Code § 38–8–1 exempts IRA funds only from attachment. Mr. Burge further argues that because an "attachment" refers to securing funds or property to satisfy a debt before a judgment has been entered, while his attempt to suggest upon Mr. Fortney's IRA funds occurred post-judgment, W. Va.Code § 38–8–1 does not preclude him from suggesting upon Mr. Fortney's IRA funds.

At issue in this appeal is the meaning of the language of W. Va.Code § 38–8–1 (1999) (Supp.1999), which provides, in pertinent part, that

in. *See* note 7, *infra*.

[a]ny husband, wife, parent or other head of a household residing in this state, or the infant children of deceased parents, may set apart and hold personal property not exceeding one thousand dollars in value to be exempt from execution or other process, except as hereinafter provided. . . . *Provided, however, That funds on deposit in an individual retirement account (IRA)* including a simplified employee pension (SEP) *in the name of the defendant are exempt from attachment:* Provided further, That such amount shall be exempt only to the extent it is not or has not been subject to an excise or other tax on excess contributions under section 4973 [26 U.S.C. § 4973] and/or section 4979 [26 U.S.C. § 4979] of the Internal Revenue Code of 1986, or any successor provisions, regardless of whether such tax is or has been paid.

(Emphasis added). Before we can ascertain whether the circuit court correctly applied this statute to the facts of this case, however, we must first discern the meaning of this enactment.

▪▪▪ Typically, when we are faced with a matter of statutory construction, we look first to the underlying legislative intent. In this regard, we have held that "[t]he primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syl. pt. 1, *Smith v. State Workmen's Comp. Comm'r,* 159 W.Va. 108, 219 S.E.2d 361 (1975). "Once the legislative intent underlying a particular statute has been ascertained, we proceed to consider the precise language thereof." *State ex rel. McGraw v. Combs Servs.,* 206 W.Va. 512, 518, 526 S.E.2d 34, 40 (1999). With respect to the particular language employed by the Legislature, we apply, rather than construe, language that is plain. "A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. pt. 2, *State v. Epperly,* 135 W.Va. 877, 65 S.E.2d 488 (1951). *Accord DeVane v. Kennedy,* 205 W.Va. 519, 529, 519 S.E.2d 622, 632 (1999) ("Where the language of a statutory provision is plain, its terms should be applied as written and not construed." (citations omitted)).

▪ In the case *sub judice,* we find that the above-quoted statutory language of W. Va.Code § 38–8–1 is plain and unambiguous. That portion of the provision directly governing the instant appeal provides that "funds on deposit in an individual retirement account (IRA) . . . in the name of the defendant are exempt from attachment[.]" The only portion of this language that is disputed by the parties is the meaning and effect of the word "attachment". However, the Legislature has provided guidance therefor by clarifying the meaning of the word "attachment" in W. Va.Code § 38–7–1 (1981) (Repl.Vol. 1997):

In any civil action for the recovery of any claim or debt arising out of contract, or to recover damages for any wrong, the plaintiff, after service of the summons upon the defendant, or at any time thereafter and *before judgment* may have an order of attachment against the property of the defendant . . . .

W. Va.Code § 38–7–1 (emphasis added). Thus, it is clear that the Legislature intended the word "attachment" to refer to a prejudgment seizure of property to provide security for the satisfaction of a claim for damages or a debt. Therefore, we hold that the plain language of W. Va.Code § 38–8–1 (1999) (Supp.1999) exempts from attachment "funds on deposit in an individual retirement account (IRA) . . . in the name of the defendant." We hold further that, pursuant to W. Va.Code § 38–7–1 (1981) (Repl.Vol.1997), an "attachment" refers to an attempt to secure property for the repayment of a claim for damages or a debt *before* judgment has been entered therefor.

▪▪ Applying these holdings to the facts before us, we find that the circuit court correctly interpreted W. Va.Code § 38–8–1 and properly applied that interpretation to permit Mr. Burge to suggest upon Mr. Fortney's IRA funds. Had Mr. Burge attempted to attach Mr. Fortney's IRA monies *before* he had obtained a judgment against him, that attachment would clearly have been prohibited by the plain language of W. Va.Code § 38–8–1. But those are not the facts currently before the Court. Rather, Mr. Burge sought to suggest upon Mr. Fortney's IRA funds only *after* he had obtained a judgment

against him.[6] As such, Mr. Burge's suggestion was clearly permitted by W. Va.Code § 38–8–1 as it was in force at the time of the events at issue herein.[7] Accordingly, we affirm the circuit court's ruling which found Mr. Burge's suggestion to be proper.

## IV.

### CONCLUSION.

For the foregoing reasons, the September 8, 2003, order of the Circuit Court of Marion County is hereby affirmed.

Affirmed.

Justice STARCHER concurs and reserves the right to file a concurring opinion.

STARCHER, J., concurring:
(Filed Dec. 15, 2005)

I write separately to note the limited scope of this Court's opinion in the instant case. The opinion does not uphold or validate any current statute, including the 2004 version of *W.Va.Code*, 38–8–1. And importantly, this Court's opinion in the instant case has no precedential value, before this Court or in our trial courts, as to the effectiveness or scope of any statute purporting to exempt an "IRA" from attachment or execution.

If a contractor adds inflated processing charges and thereby rips off a subcontractor, and then the contractor puts the money in his "IRA" account—is the subcontractor barred from getting to the money, just because it is stashed it in an "IRA?"

I think that the due process, open courts/certain remedy, and takings clauses of the *West Virginia Constitution* protect the subcontractor's right to get the money back,

whatever the Legislature may say. And I doubt that the Legislature intended to allow a debtor to hide money from legitimate creditors, by just putting that money in an account and calling it an "IRA."

There are many, many kinds of bank accounts, certificates of deposit, etc. that one can call an "IRA." It remains to be seen whether they can be used to avoid paying one's just debts. These issues are something that we may have to thrash out in the proper case.

Accordingly, I concur.

---

**6.** The circuit court entered judgment for Mr. Burge against Mr. Fortney on February 6, 2002. Thereafter, on January 6, 2003, Mr. Burge filed a writ of suggestion and execution seeking to recover his unpaid judgment from Mr. Fortney's IRA funds.

**7.** It should be noted that, following the occurrence of the events underlying the instant proceeding, the Legislature amended W. Va.Code § 38–8–1. The amended language of W. Va. Code § 38–8–1 (2004) (Supp.2005) provides, in relevant part, that

(a) [a]ny individual residing in this state or the dependent of such individual may set apart

and hold as *exempt from execution or other process* the following personal property:

. . . .

(5) Funds on deposit in an individual retirement account (IRA), including a simplified employee pension (SEP), in the name of such individual: Provided, That the amount is exempt only to the extent it is not or has not been subject to an excise or other tax on excess contributions under Section 4973 [26 ,USCS § 4973] or Section 4979 [26 USCS § 4979] of the Internal Revenue Code of 1986, or both sections, or any successor provisions, regardless of whether the tax is or has been paid.

(Emphasis added). *Cf.* W. Va.Code § 38–8–1 (1999) (Supp.1999).