FILED

**April 2, 2021**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 19-0326 – *State v. Costello*

Armstead, Justice, concurring:

I concur with the majority's decision affirming Petitioner's conviction and sentence. The Majority's well-reasoned opinion correctly affirms the Petitioner's conviction and properly rejects his contention that the circuit court's denial of his request for a mistrial constituted error. The opinion also correctly rejects Petitioner's claim that the State presented insufficient evidence of his prior Maryland conviction during the recidivist trial.

I write separately because, while I also agree with the majority's rejection of the Petitioner's argument that his life sentence under the recidivist statute is disproportionate, I would reach this conclusion on different grounds. The majority opinion, relying on *State v. Hoyle*, 242 W. Va. 599, 836 S.E.2d 817 (2019), concluded that "because [Petitioner's] triggering offense involved actual violence, as well as significant, actual harm to another, and both of his predicate felonies involved the threat of violence, the *Hoyle* threshold is satisfied." While I agree with this conclusion, I believe that the imposition of the recidivist life sentence is proper pursuant to the clear language of the recidivist statute, separate and apart from the test established in *Hoyle*.

Under West Virginia's recidivist statute, "[w]hen it is determined, as provided in section nineteen of this article, that such person shall have been twice before convicted in the United States for a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the state correctional facility for life." W. Va.

1

Code § 61-11-18(c).[1]  This statute is clear and unambiguous.  This Court has held that in deciding the meaning of a statutory provision, "[w]e look first to the statute's language.  If the text, given its plain meaning, answers the interpretive question, the language must prevail and further inquiry is foreclosed." *Appalachian Power Co. v. State Tax Dep't of W. Va.*, 195 W. Va. 573, 587, 466 S.E.2d 424, 438 (1995); *see also* Syl. Pt. 2, *State v. Epperly*, 135 W. Va. 877, 65 S.E.2d 488 (1951) ("A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect.").

Despite the plain language of this statute, this Court has issued a number of opinions imposing additional requirements that must be met for the imposition of a recidivist sentence.  These additional requirements are not contained in the plain language of the statute. *See State v. Lane*, 241 W. Va. 532, 826 S.E.2d 657 (2019) (Armstead, J., dissenting).  As I noted in my concurring opinion in *State v. Ingram*, No. 19-0016, 2020 WL 6798906 (W. Va. Nov. 19, 2020) (memorandum decision):

> The majority decision in this case concludes that Petitioner's sentence must be upheld and I agree. It has based such holding primarily on *Hoyle* and, because the majority of the court adopted the standard set forth in *Hoyle* in 2019, I believe that the facts in this case meet the *Hoyle* standard. However, deference to the clear words of the statute provide the proper support for the decision to uphold Petitioner's recidivist life sentence. Following Petitioner's convictions for delivery of cocaine and delivery of methamphetamine, the State filed a Recidivist Information and an Amended Recidivist Information alleging that Petitioner had previously been

---

[1] This statute was amended, effective June 5, 2020. See 2020 W. Va. Acts ch. 88. The 2000 version of the statute applies to this case.

convicted of the following two felonies: non-aggravated robbery and attempt to commit third offense shoplifting. The Petitioner was found to be the same individual previously convicted of those crimes. Petitioner was convicted of three felonies and was properly sentenced pursuant to the clear language of the statute. Under the statute, these facts alone warrant imposition of the recidivist life sentence.

As in *Ingram*, I believe that the imposition of the recidivist life sentence in the present case is proper under the plain language of the recidivist statute. Accordingly, I concur in the Court's decision affirming Petitioner's sentence for the reasons stated in this opinion.