# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* N.C.

No. 22-681 (Wood County 18-JA-6)

## MEMORANDUM DECISION

Petitioner N.S.[1] appeals the Circuit Court of Wood County's July 25, 2022, order denying her motion to modify disposition. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

To begin, it is unnecessary to give a detailed recitation of the protracted proceedings below which resulted in the termination of petitioner's parental rights to N.C.[2] by order entered on September 5, 2018. Petitioner did not appeal that order, and the period for appeal has long since lapsed. In July 2022, petitioner moved to modify the September 5, 2018, dispositional order, arguing that because N.C. had not yet been adopted and because petitioner had allegedly experienced a substantial change in circumstances, the circuit court should restore her parental rights to N.C. and place the child in her care. However, the circuit court denied petitioner's motion to modify without holding a hearing, finding that precedent clearly established that petitioner lacked standing to file a motion to modify disposition. It is from the order denying petitioner's motion to modify disposition she now appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T*., 228 W. Va. 89, 717 S.E.2d 873 (2011).

---

[1]Petitioner appears by counsel William B. Summers. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katherine A. Campbell. Counsel Debra L. Steed appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]Both parents' parental rights have been terminated. The permanency plan for the child is adoption in the current placement.

1

The Court has held:

> A final order terminating a person's parental rights, as the result of either an involuntary termination or a voluntary relinquishment of parental rights, completely severs the parent-child relationship, and, as a consequence of such order of termination, the law no longer recognizes such person as a "parent" with regard to the child(ren) involved in the particular termination proceeding.

Syl. Pt. 4, *In re Cesar L.*, 221 W. Va. 249, 654 S.E.2d 373 (2007). Further, the Court has held that

> [a] person whose parental rights have been terminated by a final order, as the result of either an involuntary termination or a voluntary relinquishment of parental rights, does not have standing as a "parent," pursuant to W. Va.[]Code § 49-6-6 (1977) (Repl.Vol.2004), to move for a modification of disposition of the child with respect to whom his/her parental rights have been terminated.

*Id.* at 251, 654 S.E.2d at 375, Syl. Pt. 6.

According to petitioner, the circuit court misapplied Syllabus Point 4 of *Cesar L.* in denying her motion to modify disposition. She argues that the modification statute in effect at the time of that decision (West Virginia Code § 49-6-6[4]) has "substantially changed" with amendments. Petitioner argues that the modification statute has been expanded, with the addition of two subsections, and that subsection (c) gives the circuit court the ability to restore her parental rights so long as N.C. has not been adopted. We disagree.

West Virginia Code § 49-4-606(c) does not give petitioner standing to seek restoration of her parental rights, and it does not impact the Court's holdings in *Cesar L.* set forth above. West Virginia Code § 49-4-606 provides that

> (a) *[u]pon motion of a child, a child's parent or custodian or the [DHHR]* alleging a change of circumstances requiring a different disposition, the court shall conduct a hearing pursuant to section six hundred four of this article and may modify a dispositional order if the court finds by clear and convincing evidence a material change of circumstances and that the modification is in the child's best interests. A dispositional order may not be modified after the child has been adopted, except as provided in subsections (b) and (c) of this section. Adequate and timely notice of

---

[4] West Virginia Code § 49-6-6 provided that

[u]pon motion of a child, a child's parent or custodian or the [DHHR] alleging a change of circumstances requiring a different disposition, the court shall conduct a hearing pursuant to section two of this article and may modify a dispositional order: Provided, [t]hat a dispositional order pursuant to subdivision (6), subsection (a) of section five [§ 49–6–5(a)(6) ] shall not be modified after the child has been adopted. Adequate and timely notice of any motion for modification shall be given to the child's counsel, counsel for the child's parent or custodian and to the [DHHR].

2

any motion for modification shall be given to the child's counsel, counsel for the child's parent or custodian, the [DHHR] and any person entitled to notice and the right to be heard. The circuit court of origin has exclusive jurisdiction over placement of the child, and the placement may not be disrupted or delayed by any administrative process of the [DHHR].

. . . .

(c) If a child has not been adopted, *the child or [the DHHR]* may move the court to place the child with a parent or custodian whose rights have been terminated and/or restore the parent's or guardian's rights. Under these circumstances, the court may order the placement and/or restoration of a parent's or guardian's rights if it finds by clear and convincing evidence a material change of circumstances and that the placement and/or restoration is in the child's best interests.

(emphasis added).

Pertinent to petitioner's argument, subsection (a) permits a "child's parent" to move to modify disposition. However, as made clear in *Cesar L.*, when the Court analyzed the term "child's parent" in the older statute (West Virginia Code § 49-6-6), it held that the parent-child relationship is severed upon the termination of parental rights and that a person whose parental rights have been terminated lacks standing to seek modification of disposition as they are no longer a "parent." *Cesar L.*, 221 W. Va. at 251, 654 S.E.2d at 375, Syl. Pts. 4 and 6. Because the language in West Virginia Code § 49-4-606 setting forth *who* may move to modify a dispositional order has remained unchanged across all the amendments to which petitioner cites, including the version currently in effect, petitioner is not a "child's parent" with standing to file a motion to modify disposition as her parental rights were previously involuntarily terminated.

Additionally, when analyzing subsection (c), petitioner ignores the explicit requirement that in order to restore a parent's parental rights, a motion must be filed by the child (through a guardian) or the DHHR. Here, petitioner is neither the child nor the DHHR, and, thus, cannot file such a motion. *See In re A.R.*, No. 18-0050, 2019 WL 2452717, at *5 (W. Va. June 12, 2019)(memorandum decision) ("However, petitioner fails to recognize that West Virginia Code § 49-4-606(c) is inapplicable as neither the child nor the DHHR moved to modify the child's disposition in this case."). Petitioner argues that subsection (c) is not exclusive to the child or the DHHR because the legislature did not state that "only" the child or the DHHR may move to restore parental rights, and she contends that the legislature contemplated allowing others to file such a motion. However, petitioner cites to no rule of construction that supports her reading. "When a statute is clear and unambiguous, and the legislative intent is plain, the statute should not be interpreted by the courts." *State v. Epperly*, 135 W. Va. 877, 884, 65 S.E.2d 488, 492 (1951) (citations omitted). Here, subsection (c) is clear and unambiguous. It designates two parties—the child and the DHHR—as the only parties with standing to seek relief, and the Court will not interpret the statute to read otherwise. *See Banker v. Banker*, 196 W. Va. 535, 546-47, 474 S.E.2d 465, 476-77 (1996) ("It is not for this Court to arbitrarily read into [a statute] that which it does not say. Just as courts are not to eliminate through judicial interpretation words that were purposely included, we are obliged not to add to statutes something the Legislature purposely omitted."); Syl.

Pt. 3, *Manchin v. Dunfee*, 174 W. Va. 532, 327 S.E.2d 710 (1984) ("In the interpretation of statutory provisions the familiar maxim expressio unius est exclusio alterius, the express mention of one thing implies the exclusion of another, applies.").

Further, petitioner also argues that the "and/or" language in subsection (c) permits the circuit court to sua sponte restore parental rights. However, petitioner's interpretation is not supported by the plain reading of the statute, which requires a motion by the child or the DHHR. The "and/or" language gives deference to the DHHR's or the child's ability to (1) move to place the child in a previously terminated parent's care *and* restore that parent's parental rights *or* (2) move to simply restore that parent's parental rights without addressing placement. Again, "[w]hen we encounter a 'clear and unambiguous' statute that 'plainly expresses the legislative intent[,]' our role is simply to give the statute 'full force and effect.'" *Beasley v. Sorsaia*, 247 W. Va. 409, 880 S.E.2d 875, 878 (2022) (citations omitted). The Court will "presume that a legislature says in a statute what it means and means in a statute what it says there." *Id.* (citing *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253-54 (1992)).

Although other requirements of the modification statute may have been met here, petitioner has not met the threshold requirement of having standing to file the proper motion to modify disposition. Given that the circuit court's prior order terminating petitioner's parental rights remains in effect, petitioner lacked standing to file a motion to modify disposition, and, as such, the circuit court did not err in denying petitioner's motion without holding a hearing.

Petitioner asks the Court to revisit the above holdings in *Cesar L.* and all subsequent cases that rely on these holdings. We decline. As discussed above, the revisions to the modification statute do not impact this Court's holdings that a person whose parental rights were previously terminated is no longer a "parent" with standing to move to modify disposition. Thus, our holdings in Syllabus Points 4 and 6 of *Cesar L.* are subject to the judicial doctrine of stare decisis. *See Dailey v. Bechtel Corp.*, 157 W. Va. 1023, 1029, 173, 207 S.E.2d 169 (1974) ("Stare decisis . . . is a policy which promotes certainty, stability and uniformity in the law. It should be deviated from only when urgent reason requires deviation." (quoting *Adkins v. St. Francis Hospital*, 149 W. Va. 705, 718, 143 S.E.2d 154, 162 (1965)). As there was never a proper motion before the circuit court that could have entitled petitioner to relief, she is not entitled to relief on appeal.[5]

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 25, 2022, order is hereby affirmed.

Affirmed.

---

[5]Petitioner argues that her motion to modify was not "frivolous" as she attached exhibits and evidence to support her claims that there had been a material change in circumstances and that the restoration of her parental rights was in N.C.'s best interests. In that the guardian supports petitioner's position on appeal, it confounds the Court as to why the child (through the guardian) did not file the proper motion pursuant to West Virginia Code § 49-4-606(c).

4

**ISSUED**: September 26, 2023


**CONCURRED IN BY**:


Chief Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice C. Haley Bunn

**DISSENTING:**

Justice Tim Armstead
Justice William R. Wooton

Armstead, Justice, dissenting:

I concur with the majority's ultimate resolution of this case, but I dissent to the majority's conclusion that Petitioner lacks standing to seek a modification of the disposition because she is no longer N.C.'s parent.

West Virginia Code § 49-4-606(c) provides as follows:

> (c) If a child has not been adopted, the child or department may move the court to place the child with a parent or custodian whose rights have been terminated and/or restore the parent's or guardian's rights. Under these circumstances, the court may order the placement and/or restoration of a parent's or guardian's rights if it finds by clear and convincing evidence a material change of circumstances and that the placement and/or restoration is in the child's best interests.

This subsection permits a court to place a child with a "parent or custodian whose rights have been terminated and/or to restore the parent's or guardian's rights" if: (1) the child has not been adopted; and (2) if the child or department moves for such relief. Petitioner's motion sought to have her parental rights restored and to have N.C. placed in her care. However, because Petitioner is not the child or the department, as required by the clear and unambiguous language of West Virginia Code § 49-4-606(c), she cannot move for such relief. The analysis should end here.

Nonetheless, the majority goes on to hold that Petitioner did not have standing to even file the motion at issue because she is no longer N.C.'s parent. To support this position, the majority relies upon this Court's prior decision in *In re Cesar L.*, 221 W. Va. 249, 654 S.E.2d 373 (2007) in which this Court held:

> A final order terminating a person's parental rights, as the result of either an involuntary termination or a voluntary relinquishment of parental rights, completely severs the parent-child relationship, and, as a consequence of such order of termination, the law no longer recognizes such person as a "parent" with regard to the child(ren) involved in the particular termination proceeding.

*Id.* at Syl. Pt. 4. The modification statute in effect at the time that *In re Cesar L.* was decided has changed, and I believe that the changes may call the reasoning of *In re Cesar L* into question. The current statute specifically references a "parent" whose rights have been terminated. I believe that the majority's reliance upon *In re Cesar L.* in support of the holding that terminated parents are not "parents" under West Virginia Code § 49-4-606 is at odds with the current statute. Further, as I have already indicated, this analysis is unnecessary.

Accordingly, I concur with the majority's ultimate holding, which affirms the circuit court's denial of Petitioner's motion, but I respectfully dissent as to the majority's conclusion that Petitioner is not N.C.'s parent under West Virginia Code § 49-4-606.

Wooton, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.