IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**WVNH EMP LLC & PMA INSURANCE COMPANIES,**
**Employer Below, Petitioner**

**FILED**
**April 7, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-374**       (JCN: 2024006192)

**MAUREEN SWISHER,**
**Claimant Below, Respondent**


**MEMORANDUM DECISION**

Petitioner WVNH Emp LLC & PMA Insurance Companies ("WVNH") appeals the September 8, 2025, order of the Workers' Compensation Board of Review ("Board") granting Respondent Maureen Swisher's petition for attorney's fees based on the finding that the claim administrator's October 2, 2024, order declaring an overpayment of temporary total disability ("TTD") payments was unreasonable pursuant to West Virginia Code § 23-2C-21(c) (2022). Ms. Swisher filed a response, and WVNH filed a reply.[1]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds error in the Board's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the Board's decision is reversed.

On July 22, 2023, Ms. Swisher was employed by WVNH as a certified nursing assistant when she sustained a compensable injury to her right shoulder while moving a heavy patient. On September 23, 2024, the claim administrator issued an order suspending Ms. Swisher's TTD benefits as of September 25, 2024, based on her failure to attend prescribed physical therapy appointments. The claim administrator's order stated Ms. Swisher had thirty days to submit evidence justifying a reinstatement of TTD benefits pursuant to West Virginia Code § 23-4-7a(e) (2005) or her claim for benefits would be closed. On October 2, 2024, the claim administrator declared an overpayment of TTD benefits from September 17, 2024, to September 29, 2024, totaling $509.54 because Ms. Swisher did not attend physical therapy. On October 28, 2024, the claim administrator

---

[1] WVNH is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq. Ms. Swisher is represented by William B. Gerwig III, Esq.

closed Ms. Swisher's claim for TTD benefits because she failed to submit evidence to justify a reinstatement. Ms. Swisher protested these orders.

On January 29, 2025, the Board reversed the claim administrator's October 28, 2024, order closing the claim and reinstated Ms. Swisher's TTD benefits. The Board's decision was based on an October 8, 2024, letter from Amber Thomas, PA-C, which stated Ms. Swisher could not participate in physical therapy for the dates in question because her arm was overworked, sore, and stiff. On April 10, 2025, the Board also reversed the claim administrator's October 2, 2024, order. The Board found Ms. Swisher's TTD benefits were previously reinstated and held that the claim administrator's declaration of retroactive TTD overpayment was improper.

On May 12, 2025, Ms. Swisher filed a request for attorney's fees pursuant to West Virginia Code § 23-2C-21(c) based on the claim administrator's October 2, 2024, and October 28, 2024, orders because she argued no evidence or legal authority supported these decisions. On June 2, 2025, John C. Freas, the claim administrator's representative assigned to Ms. Swisher's workers' compensation claim, executed an affidavit acknowledging that the TTD overpayment covered dates prior to the order suspending TTD benefits, that he now understands that pursuant to *Mitchell v. State Workmen's Compensation Commissioner*, 163 W. Va. 107, 256 S.E.2d 1 (1979) a claim administrator is precluded from retroactively suspending TTD benefits, and that he should not have declared an overpayment. Nevertheless, Mr. Freas stated that he had a reasonable factual basis for declaring the overpayment at the time, and that he did not believe any TTD benefits were denied.

On September 8, 2024, the Board denied Ms. Swisher's petition for attorney's fees based on the claim administrator's October 28, 2024, order and found that this decision was not unreasonable because it was supported by the facts as they were known at that time. The Board held that the claim administrator received no response to its September 23, 2024, order, which notified Ms. Swisher she needed to submit evidence to justify a reinstatement of her benefits, and that this was a sufficient basis to close her claim. In a separate order entered on September 8, 2024, the Board granted Ms. Swisher's petition for attorney's fees based on the claim administrator's October 2, 2024, order and found that the decision to declare an overpayment of TTD benefits from September 17, 2024, to September 29, 2024, was unreasonable. The Board noted that *Mitchell* prohibits the retroactive termination of TTD benefits and held that the claim administrator's decision was not supported by either a factual or legal basis at the time it was issued. It is from this order that WVNH now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

2

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Further, the Supreme Court of Appeals of West Virginia ("SCAWV") held that "[q]uestions of law are reviewed *de novo*, while findings of fact made by the Board of Review are accorded deference unless the reviewing court believes the findings to be clearly wrong." *Id.* at Syl. Pt. 3.

On appeal, WVNH asserts one assignment of error and argues the Board's decision to grant attorney's fees based on the claim administrator's declaration of overpayment is erroneous because an overpayment is not the same as "a denial of an award of temporary total disability" as used in West Virginia Code § 23-2C-21(c). We agree. As with all issues of statutory interpretation, this Court's duty is to "ascertain and give effect to the intent of the Legislature." Syl. Pt. 1, in part, *Smith v. State Workmen's Compensation Comm'r,* 159 W.Va. 108, 219 S.E.2d 361 (1975). In this case, the Board awarded attorney's fees and costs pursuant to West Virginia Code § 23-2C-21(c), which states as follows:

(c) Upon a determination by the Office of Judges, or by the Board of Review upon the termination of the Offices Judges, that a denial of compensability, a denial of an award of temporary total disability, or a denial of an authorization for medical benefits was unreasonable, reasonable attorney's fees and the costs actually incurred in the process of obtaining a reversal of the denial shall be awarded to the claimant and paid by the private carrier or self-insured employer which issued the unreasonable denial. A denial is unreasonable if, after submission by or on behalf of the claimant, of evidence of the compensability of the claim, the entitlement to temporary total disability benefits or medical benefits, the private carrier or self-insured employer is unable to demonstrate that it had evidence or a legal basis supported by legal authority at the time of the denial which is relevant and

3

probative and supports the denial of the award or authorization. Payment of attorney's fees and costs awarded under this subsection will be made to the claimant at the conclusion of litigation, including all appeals, of the claimant's protest of the denial.

The question of law before this Court is whether declaring an overpayment of TTD benefits effectuates "a denial of an award of temporary total disability" as used within this statute.

To answer this question, we must first address whether West Virginia Code § 23-2C-21(c) is unambiguous. "When a statute is clear and unambiguous[,] and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case[,] it is the duty of the courts not to construe but to apply the statute." Syl. Pt. 5, *State v. General Daniel Morgan Post No. 548, Veterans of Foreign Wars*, 144 W. Va. 137, 107 S.E.2d 353 (1959); *see also* Syl. Pt. 2, *State v. Epperly*, 135 W. Va. 877, 65 S.E.2d 488 (1951) ("A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect."). In contrast,

[a] statute is open to construction only where the language used requires interpretation because of ambiguity which renders it susceptible of two or more constructions or of such doubtful or obscure meaning that reasonable minds might be uncertain or disagree as to its meaning. In other words, a statute is ambiguous when the statute's language connotes doubtfulness, doubleness of meaning, or indistinctness or uncertainty of an expression.

*State v. McClain*, 247 W. Va. 423, 429, 880 S.E.2d 889, 895 (2022) (citation modified). In its September 8, 2025, order, the Board does not expressly state whether it found West Virginia Code § 23-2C-21(c) to be ambiguous, susceptible to multiple meanings, indistinct, or otherwise uncertain. *See Dunlap v. Friedman's Inc.*, 213 W. Va. 394, 398, 582 S.E.2d 841, 845 (2003) ("A finding of ambiguity must be made prior to any attempt to interpret a statute."). Therefore, it must be inferred that the Board found the phrase "denial of an award of temporary total disability" to be unambiguous and that its subsequent analysis represents an attempt to apply the plain meaning of this phrase to determine whether the claim administrator's October 2, 2024, order declaring the overpayment of TTD benefits was unreasonable.

It is soundly established that "undefined words and terms in a legislative enactment will be given their common, ordinary, and accepted meaning." Syl. Pt. 6, in part, *State ex rel. Cohen v. Manchin*, 175 W. Va. 525, 336 S.E.2d 171 (1984) (citation modified). Undefined terms and words have been historically defined by using dictionary definitions. *See Eldercare of Jackson Cnty., LLC v. Lambert*, 250 W. Va. 291, 303 n.18, 902 S.E.2d 840, 852 n.18 (2024). According to Black's Law Dictionary, "denial" is defined as "[a] refusal or rejection." Denial, Black's Law Dictionary (12th ed. 2024). Merriam-Webster's

4

Dictionary defines the term as the "refusal to satisfy a request or desire." Merriam-Webster Online, https://www.merriam-webster.com/dictionary/denial (last visited March 3, 2026). Accordingly, we find that these definitions represent the plain, ordinary, and common meaning of the word "denial" for the purposes of West Virginia Code § 23-2C-21(c). Further, "overpayments" are defined to "include any monies received from, or paid on a claimant's behalf by, the responsible party to which it is subsequently determined by the responsible party that the injured worker was not entitled. Overpayment may include, but shall not be limited to, the payment of temporary total disability benefits . . . ." W. Va. Code R. § 85-1-12 (2009).

In this case, the Board found that the claim administrator's decision to declare an overpayment was unreasonable within the meaning of West Virginia Code § 23-2C-21(c). The Board noted that the claim administrator's October 2, 2024, order stated the time period for the overpayment began on September 17, 2024, but the claim administrator's prior letter dated September 23, 2024, stated TTD benefits were suspended as of September 25, 2024. Additionally, we note that the SCAWV ruled in *Mitchell,* 163 W. Va. at 126-127, 256 S.E.2d at 14, that the Commissioner, now the claim administrator, may not terminate TTD benefits retroactively, and that "the proper date for termination of the benefits is the date of the [claim administrator's] termination order." As a result, the Board was not clearly wrong when it held the claim administrator improperly declared an overpayment from September 17, 2024, to September 24, 2025, and did not have a legal or factual basis for its decision.

While we do not find the Board was clearly wrong in finding the claim administrator's overpayment declaration was legally incorrect under *Mitchell*, we find the Board was in violation of statutory provisions when it held that a declaration of overpayment of TTD benefits is a "denial of an award of temporary total disability" for the purposes of West Virginia Code § 23-2C-21(c). Based upon the definitions stated above, a "denial" of TTD benefits logically refers to a refusal to award TTD benefits. This did not occur here because Ms. Swisher was awarded TTD benefits. However, it was later determined, under the facts as they existed at that time, that she was not entitled to those TTD payments and an overpayment was declared.[2] The claim administrator never denied Ms. Swisher an award of TTD but instead sought to recover TTD benefits it believed Ms. Swisher was wrongly paid.

---

[2] We note that while the Board did reverse the claim administrator's October 28, 2024, order closing the claim and reinstate Ms. Swisher's TTD benefits, the Board's September 8, 2024, decision found this decision was not unreasonable pursuant to West Virginia Code § 23-2C-21(c) because it was supported by the facts as they were known at that time.

The Legislature has explicitly listed the circumstances under which a claimant may receive reasonable attorney's fees and an overpayment is not expressly included within this list. *See* West Virginia Code § 23-2C-21(c) ("a denial of compensability, a denial of an award of temporary total disability, or a denial of an authorization for medical benefits was unreasonable."). If the Legislature wanted to allow a claimant to recover attorney's fees for an unreasonable declaration of an overpayment of TTD benefits, it would have done so, either expressly or by specifically including the term "overpayment" within the statute. We are also cognizant that a "judicial challenge is not a license for this Court to judge the wisdom, fairness, or logic of legislative choices." *State v. Butler*, 239 W. Va. 168, 176, 799 S.E.2d 718, 726 (2017) (citation modified). *See also Martin v. Randolph Cnty. Bd. of Educ.*, 195 W. Va. 297, 312, 465 S.E.2d 399, 414 (1995) (citation modified) ("Courts must presume that a legislature says in a statute what it means and means in a statute what it says there."). As a result, we find the Board violated statutory provisions when it held that "denial of an award of temporary total disability" for the purposes of West Virginia Code § 23-2C-21(c) includes a declaration of overpayment of TTD benefits because this was not contemplated by the statute.

Accordingly, we reverse the Board's September 8, 2025, order.

Reversed.

**ISSUED:** April 7, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen

**DISSENTING:**

Judge S. Ryan White

WHITE, J., dissenting:

I respectfully dissent from the majority's resolution of this case.

The majority holds that an overpayment of temporary total disability ("TTD") benefits cannot, as a matter of law, constitute a "denial of an award of temporary total disability" within the meaning of West Virginia Code § 23-2C-21(c). I disagree as that conclusion rests upon a narrow construction of the statute and disregards the functional effect of the overpayment determination. The question is whether the action of the claim administrator operated to deprive a claimant of benefits to which she is entitled.

6

West Virginia Code § 23-2C-21(c) permits attorney's fees where there is an unreasonable "denial of an award of temporary total disability." The statute does not define "denial," nor does it expressly exclude overpayment determinations. A "denial" reasonably encompasses not only an initial refusal to grant benefits but also a subsequent determination that effectively revokes or negates those benefits.

The claim administrator's October 2, 2024, order operated as a denial of TTD benefits for the period in question. The claim administrator determined that Ms. Swisher was not entitled to those benefits and sought recovery of funds already paid. It sought repayment; thereby invalidating her entitlement to benefits previously awarded. In practical terms, this is indistinguishable from a denial of benefits for the same period. The claimant is placed in a worse position than if benefits had been denied outright as she must also reimburse funds already received.

The Board subsequently, based upon the evidence presented, determined that the claimant was in fact entitled to the benefits. In this circumstance, the overpayment determination operates as a substantive determination about benefit entitlement rather than merely a procedural collection mechanism.

The majority acknowledges that the overpayment declaration was legally flawed under *Mitchell* but declines to affirm the fee award. This reasoning allows for an action to be legally improper but categorically insulated from fee liability based on word choice alone. Section 23-2C-21(c) does not support such a result. An overpayment determination that is later reversed because the claimant was entitled to the benefits should be treated, for purposes of § 23-2C-21(c), as tantamount to an unreasonable denial. Because the Board correctly recognized both the legal defect and the practical effect of the claim administrator's action, I would affirm.

Accordingly, I respectfully dissent.